### Hoy *vs.* Smith and others.

A right of action, for wrongfully and without permission, raising ores and minerals from lands situate in another state, belonging to another person, and selling and converting them, is assignable, and may be prosecuted in the courts of this state, by one to whom the owner has assigned such ores and minerals and all claim for their wrongful conversion.

APPEAL from an order overruling a demurrer to the complaint, with costs, &c.

*C. O'Conor* and *B. F. Deming,* for the appellants.

*Wm. F. Allen* and *J. H. Platt,* for the respondent.

*By the Court,* LEONARD, P. J. The complaint states that the defendants wrongfully, and without permission from the owner, entered into the possession of certain lands, in Colorado, at a period before the plaintiff acquired the title, and before the cause of action accrued, and have ever since retained the possession. That during that period, the defendants raised ores and minerals from the land, which they have sold and converted to their own use, and have received a large sum of money for them. That the person who then owned the land has conveyed it to the plaintiff, and has sold and assigned to him the ores and minerals raised, carried away and converted by the defendants, and all claim by reason of their said wrongful acts.

The demurrer states two grounds of objection. 1st. That the land being out of the state of New York, this court has no jurisdiction over injuries committed to it. 2d. That the action will not lie until the plaintiff has recovered possession of the land.

The principles of law suggested by the demurrer may be conceded. It is, no doubt, true that no action will lie by the true owner against a person holding by adverse possession, to recover rent, or for injuries to the freehold, until he has recovered the possession.

But there is no adverse possession appearing here. It does not appear that the defendants have any sort of right to the land, or claim of title. They are trespassers upon the land, merely. The action is not for an injury to the freehold, but to recover the value of the ores after they had been separated from the land. After the ores had become personal property, the defendants converted them wrongfully, and received therefor a large sum of money. No complaint is made respecting the title, or stating an injury to the freehold. Such facts only are stated as tend to show the ownership of the ores and minerals. It is alleged that the defendants wrongfully raised them from the land belonging to another person, who has assigned them, and all claim for their wrongful

conversion. That is the substance of the complaint. The pleader has stated the evidence to prove the ownership of the ores, instead of the fact. Such a right of action is assignable, and may be prosecuted in the courts of this state. The possession of the land has nothing to do with the question before us.

The order appealed from should be affirmed, with costs, with leave to the defendants to answer in twenty days, on payment of the costs of the demurrer and of the appeal, to be adjusted by the clerk.

[NEW YORK GENERAL TERM, January 7, 1867. *Leonard*, *Clerke* and *Ingraham*, Justices.]