(52 App. Div. 189.)

## McCLELLAN et al. v. DUNCOMBE.

(Supreme Court, Appellate Division, Second Department. June 5, 1900.)

1. LEGAL SERVICES—LAYMAN—OPINION EVIDENCE.

In an action by a layman to recover for services usually performed by attorneys, evidence of lawyers as to the value of such services is admissible.

2. SAME—CONFLICTING EXPERT TESTIMONY.

Where, in an action for services, plaintiff used a memorandum book to refresh his memory, and stated that the entries were made from time to time as they appeared, and a handwriting expert testified that the whole book was written at three sittings, which was contradicted by plaintiff's expert, the proof was not sufficient to establish that plaintiff's testimony was not worthy of belief, and to reverse a judgment in his favor on that ground.

3. SAME—REAL ESTATE—APPRAISEMENT—SERVICES.

Where plaintiff had acted as defendant's agent in renting property valued at $180,000, and had previously made memorandums relating to the same, it was error for a referee to allow plaintiff 1 per cent. as compensation for valuing the property after having been discharged, since the appraisement was made from information acquired while acting as defendant's agent for the renting of the property.

Appeal from judgment on report of referee.

Action by Clarence S. McClellan and another against Naomi Duncombe for services in the appraisement of real estate. From a judgment in favor of plaintiffs, entered on a report of a referee, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, and HIRSCHBERG, JJ.

Roger M. Sherman, for appellant.

William L. Snyder, for respondents.

WILLARD BARTLETT, J. The defendant is the widow, and was the second wife, of Alfred H. Duncombe. She acquired almost all his estate, either by gift during his lifetime, or by will upon his death. Soon after Mr. Duncombe's decease, Mrs. Adeline Williams, his daughter by a former marriage, instituted suits to set aside his transfers of property to the defendant. Mrs. Williams also contested her father's will. The plaintiffs are engaged in the real-estate and insurance business. They have recovered $3,302.25 in this action for services alleged to have been rendered to the defendant in connection with the litigations and controversy between her and Mrs. Williams. The referee has awarded them $1,800 as commissions for appraising the defendant's real estate, and $1,502.25 for other services. Items of interest and costs make the judgment aggregate $4,744.21. The decision is in the short form now permitted by section 1022 of the Code of Civil Procedure, an exception to which brings up all the questions of law and fact in the case for review in this court.

The referee received the opinion evidence of lawyers as to the value of the plaintiffs' services, other than those connected with the appraisal of the defendant's real estate. We think that such evidence was admissible, notwithstanding the fact that the plaintiffs were laymen. The services which they claimed to have rendered were

of the same general character as those frequently performed by members of the bar in important litigations involving large interests. Indeed, such work is probably best and oftenest done by lawyers, and they are as competent to speak of its value as they are to estimate the worth of strictly professional labor. Their competency to give opinion evidence as to the value of legal services is unquestioned. Harnett v. Garvey, 66 N. Y. 641; Hand v. Church, 39 Hun, 303.

One of the plaintiffs upon his direct examination used a pencil memorandum book to refresh his memory as to certain dates. He testified upon cross-examination that the entries therein were not all made at one time, or times near by, but that they were, in point of fact, made from time to time between the dates appearing in the book. The defendant then read the book in evidence, and followed it with the testimony of an expert in handwriting, who expressed the opinion that the whole book was written in three sittings, at the most. In rebuttal the plaintiffs called another expert, who saw nothing to indicate that the entries had not been made at the times when they were respectively dated. This conflicting opinion evidence undoubtedly raised a serious question as to the credibility of the author of the memorandum book, but the proof against him was not so strong as to warrant this court in reversing the judgment on the ground that he was unworthy of belief by the learned referee.

The appeal presents only one other point of serious importance. The plaintiffs appraised the value of the defendant's real estate at $180,000, and the referee allowed them 1 per cent. commission for this service. The appraisal is said to have been prepared for use upon the trial of an action, although what action does not appear, and as matter of fact it was never used at all. The sheet of legal cap upon which this appraisal was made has been handed up for our inspection. It shows pencil memoranda relating to seven pieces of real estate. The plaintiffs had been acting as agents for the renting and collection of rents for Mrs. Duncombe's property ever since her husband's death. Mr. Duncombe died on October 3, 1893, and the appraisal is said to have been made on June 5, 1896. It is plain that by the latter date the plaintiffs must have acquired such a knowledge of the situation and value of Mrs. Duncombe's real estate, by reason of their employment in relation thereto, and their services to her in connection with her controversy with Mrs. Williams, that the appraisement could have amounted to little more than jotting down in pencil upon paper the information of which they were already fully possessed. To hold that $1,800 is a fair and reasonable compensation for that service is to compel the defendant to submit to what we regard as a grossly excessive charge, altogether disproportionate to the labor of the plaintiffs, or its value to Mrs. Duncombe. The referee seems to have deemed himself constrained to adopt 1 per cent. on the appraised valuation of the real estate as a proper measure of compensation because the defendant did not call her present real-estate agent to contradict the testimony in behalf of the plaintiffs as to what their services were worth in making the appraisement. In this view we think he erred. He was bound, also, to take into consideration all the proof in the case as to what they

actually had to do and did in the matter; and this shows so little work as to compel us to conclude that a very small proportion of the sum which he allowed them would have been ample pay.

For this error in awarding $1,800 as the value of the plaintiffs' services in appraising the real estate of the defendant, the judgment must be reversed, and a new trial granted before a new referee to be appointed at the special term; costs to abide the event. All concur.