(79 App. Div. 116.)

### RADWAY v. DUFFY.

(Supreme Court, Appellate Division, Second Department. January 23, 1903.)

1. TROVER—REMOVAL OF SOIL—DAMAGES.
    Where a trespasser enters on the land of another, and removes therefrom earth and soil, an action for the conversion of the same will lie.
2. ACTION—FINDING OF REFEREE.
    In an action for the conversion of earth and soil the referee's report stated that the finding as to damages was based partly on the referee's "knowledge and experience and partly on the entire record." *Held* reversible error, as ·the determination should have been made from the evidence.

Appeal from judgment on report of referee.

Action by Mary A. Radway against Patrick J. Duffy. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Arnon L. Squiers (Stephen H. Keating, on the brief), for appellant. Milo J. White, for respondent.

HIRSCHBERG, J. The plaintiff has recovered a judgment for damages for the wrongful entry upon her lands by the defendant, and for the unlawful raising, removing therefrom, and converting to his own use of a large quantity of the earth and soil. The complaint charges that the defendant took 6,000 cubic yards, of the value of 75 cents per yard. The answer is a general denial. The judgment is for 3,135 yards at 20 cents a yard.

The learned counsel for the appellant claim that the only action maintainable is for injury to the freehold resulting from the trespass, and that an action for conversion will not lie. There are few authorities on the subject in this state, but I think the case is within the principle of Hoy v. Smith, 49 Barb. 360. That case was considered on demurrer, and the holding that the complaint was good appears to have been based on the assumption that an action for conversion would lie, the main contention being upon the question whether it could be maintained·by a plaintiff who was not in possession of the land. The court said (page 361):

"The complaint states that the defendants wrongfully, and without permission from the owner, entered into the possession of certain lands in Colorado at a period before the plaintiff acquired the title and before the cause of action accrued, and have ever since retained the possession; that during that period the defendants raised ores and minerals from the land, which they have sold and converted to their own use, and have received a large sum of money for them; that the person who then owned the land has conveyed it to the plaintiff, and has sold and assigned to him the ores and minerals raised, carried away, and converted by the defendants, and all claim by reason of their said wrongful acts. * * * It does not appear that the defendants have any sort of right to the land, or claim of title. They are trespassers upon the land merely. The action is not for an injury to the freehold, but to recover the value of the ores after they had been separated from the land. After the ores had become personal property, the defendants converted them wrongfully, and received therefor a large sum of money. No complaint is made respecting the title, or stating an injury to the freehold."

In the case at bar no claim is made by the plaintiff of injury to the freehold, and no claim of title is made by the defendant. Whatever earth the latter took from the land in question was used by him in fulfilling a contract he had taken for grading a public street, and in the filling of an excavation or hollow in such street at the contract price. The case is therefore distinguishable from Telegraph Co. v. Middleton, 80 N. Y. 408, relied on by the appellant, in that there no actual conversion of the poles took place after they were cut down, and thus severed from the freehold. Page 411. That an action for conversion is maintainable under the circumstances of this case is indicated by the case of Deverell v. Bauer, 41 App. Div. 53, 55, 58 N. Y. Supp. 413.

A number of exceptions taken by the appellant to the rulings of the learned referee are assigned as presenting reversible error, but need not be considered in detail, inasmuch as a new trial is necessary because of an error in the theory upon which the main findings are based. There was a sharp conflict both as to the quantity of earth taken out and as to its value. In his report the learned referee states that "under authority of McClellan v. Duncombe, 52 App. Div. 191, 65 N. Y. Supp. 19, the referee finds the reasonable value to be twenty cents per yard in the bank, and the amount taken three thousand one hundred and thirty-five yards, making a total of six hundred and twenty-seven dollars ($627.00). This is based partly on the referee's knowledge and experience and partly on the entire record." There is, of course, nothing in the record to indicate what personal knowledge and experience the referee had in either question to which the statement quoted refers, and consequently no means of determining whether the judgment is well supported in so far as it is confessedly based thereon. The knowledge and experience of a court, as of a juryman, must, it is true, be applied to the facts of a case in reaching a determination from the evidence; but the determination, when reached, must be based solely upon the evidence, however it may be aided by the exercise of that good judgment which knowledge and experience are calculated to ripen and mature. While such knowledge as the referee may have acquired by experience of the value of soil may, indeed, assist his judgment in determining the truth or falsity of what the witnesses testify to upon that subject, the judgment must rest

finally upon the testimony alone, if for no other reason than that the litigants cannot measure the wisdom of his individual transactions, nor point out the extent to which their value may be affected as controlling factors in the controversy by the conditions surrounding them. What was said of a somewhat similar situation in Claflin v. Meyer, 75 N. Y. 260, 31 Am. Rep. 467, is pertinent and applicable. In reversing a judgment on the ground that a nonsuit should have been granted, the court, per Hand, J., said (page 266, 75 N. Y., and 31 Am. Rep. 467):

"I have so far left out of view a feature of this case which has caused us a good deal of embarrassment. I refer to the inspection of the warehouse and its roof and scuttle by the referees in the presence of counsel, and the statement in their report that their findings are based upon the proofs and 'such view.' If the intention of the parties was to submit themselves to the decision of the referees absolutely, irrespective of the evidence, these would become arbitrators, and their decision an arbitration, and the arrangement would be a discontinuance of the action. Larkin v. Robbins, 2 Wend. 505; Merritt v. Thompson, 27 N. Y. 225; Jordan v. Hyatt, 3 Barb. 278. We cannot suppose that such was the intention of the parties, or hold it to be fairly the consequence of their conduct. If the inspection of the premises meant anything more than that by it the referees might better understand the evidence (the adjournment of the reference to the warehouse and the examination of a witness upon the spot would favor this view of it), and was a submission to them of additional ocular evidence of facts to be considered in the decision, this evidence, to influence the fate of the case upon appeal, should appear in some way before the court."

In that case it is to be noted that the extraneous "view" upon which the findings of the referees were partly based was with the consent and in the presence of counsel, and, further, that the court, in deciding that a nonsuit could have been granted, could and did exclude from its consideration everything but that which appeared upon the record. In this case, however, the review of the judgment cannot be dissociated from the personal considerations upon which it is in part supported, and which are therefore necessarily fatal to its maintenance. The judgment should be reversed.

Judgment reversed, and new trial granted before another referee, to be appointed at special term; costs to abide event. All concur.