[S. F. No. 4229.    In Bank.—August 5, 1905.]

## OPHIR SILVER MINING COMPANY et al., Petitioners, v. SUPERIOR COURT OF CITY AND COUNTY OF SAN FRANCISCO, etc., Respondent.

PROHIBITION—LOCAL ACTION—TRESPASS UPON MINE IN ANOTHER STATE —INJURY TO LEDGE ON DIP—INJUNCTION.—An action involving damage for trespass upon a quartz ledge in another state, by mining upon the dip thereof upon ground in the possession of the defendants, and involving an injunction to prevent further mining thereupon, is local in its nature, and is beyond the jurisdiction of the superior court of this state; and prohibition will lie to prevent the trial thereof.

ID.—TROVER—TRANSITORY OR LOCAL ACTION—ORE FROM DIP OF LEDGE— FUNDAMENTAL QUESTION OF TITLE.—Ordinarily a mere action for the value of timber cut or ore taken from plaintiff's land is transitory; yet if any part of the damages claimed is for trespass committed upon the land, the action is local. Trover will not lie for ore taken from the dip of a ledge in ground in possession of the defendants under claim and color of title in good faith. In such case the question of title is not incidental, but fundamental, and cannot be litigated in a transitory action.

ID. — PRESUMPTION OF GOOD FAITH — ALLEGATIONS OF COMPLAINT. — Where the complaint shows that the defendants are mining outside of the surface lines described in the complaint, either upon public land or within the surface lines of another claim, the title to everything beneath such surface is *prima facie* in the claimant thereof, and his claim to any body of ore found therein, when asserted, must be presumed to be a claim in good faith, preventing an action of trover therefor.

ID.—REMEDY BY APPEAL INADEQUATE.—Where the court has no jurisdiction of the subject-matter of the action, and the remedy by appeal is inadequate for the reason that the trial would involve heavy expense for transporting witnesses which could not be recovered as legal costs, prohibition will lie, notwithstanding the remedy by appeal.

PROHIBITION to prevent the trial of an action in the Superior Court of the City and County of San Francisco. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

W. E. F. Deal, for Petitioners.

The complaint shows a local cause of action in another state beyond the jurisdiction of the superior court of this

state. (*Ellenwood* v. *Marietta Chair Co.*, 158 U. S. 105, 15 Sup. Ct. Rep. 771; *Dodge* v. *Colby*, 37 Hun, 515, 108 N. Y. 445, 15 N. E. 703; *American -Union Tel. Co.* v. *Middleton*, 80 N. Y. 410, 411; *Sprague Nat. Bank* v. *Erie R. R. Co.*, 57 N. Y. Supp. 844, 40 App. Div. 69; *Livingstone* v. *Jefferson*, 1 Brock. 203, Fed. Cas. No: 8411; *De Courcy* v. *Stewart*, 20 Hun, 561; *Cragin* v. *Quilman*, 22 Hun, 103; *Bettys* v. *Milwaukee etc. Ry. Co.*, 37 Wis. 323; *Cragin* v. *Lovell*, 88 N. Y. 258, 263; *British South Africa Co.* v. *Companhia de Mozambique*, (1893), App. Cas. 602; *Watts* v. *Kinney*, 23 Wend. 484; *Clark* v. *Scudder*, 72 Mass. (6 Gray) 122, 123; *Genet* v. *Delaware etc. Canal Co.*, 8 N. Y. Supp. 822; *Niles* v. *Howe*, 57 Vt. 388; *Hill* v. *Nelson*, 70 N. J. L. 376, 57 Atl. 411.) An action in equity for an injunction involving a question of title is local in its nature. (*Northern Indiana R. R. Co.* v. *Michigan Central R. R. Co.*, 15 How. (U. S.) 243, 244; *Mississippi etc. R. R. Co.* v. *Ward*, 2 Black, 485; *Gilbert* v. *Moline Water Power etc. Co.*, 19 Iowa, 319; *Lindsley* v. *Union etc. Mining Co.*, 26 Wash. 301, 66 Pac. 382; *Urton* v. *Woolsey*, 87 Cal. 38, 25 Pac. 154; *Fritts* v. *Camp*, 94 Cal. 394, 397, 398, 29 Pac. 867; *Southern Pacific R. R. Co.* v. *Pixley*, 103 Cal. 118, 37 Pac. 194; *Rogers* v. *Cady*, 104 Cal. 292, 43 Am. St. Rep. 100, 38 Pac. 81; *Cox* v. *Little Rock etc. R. Co.*, 55 Ark. 454, 456, 18 S. W. 630.) There being no jurisdiction of the subject-matter of the action and no adequate remedy by trial and appeal, prohibition will lie. (*Grangers Bank* v. *Superior Court*, (Cal.) 33 Pac. 1095; *Kilburn* v. *Law*, 111 Cal. 237, 43 Pac. 615; *White* v. *Superior Court*, 126 Cal. 245, 58 Pac. 450; *Modoc Land etc. Co.* v. *Superior Court*, 128 Cal. 258, 60 Pac. 848; *Hopkins* v. *Superior Court*, 136 Cal. 552, 69 Pac. 299; *Anderson* v. *Superior Court*, 122 Cal. 216, 54 Pac. 829; *Lincoln etc. Mining Co.* v. *District Court*, 7 N. M. 486, 560, 38 Pac. 580; *United States* v. *Peters*, 3 Dall. 121-129; *Ex parte Phenix Insurance Co.*, 118 U. S. 610, 7 Sup. Ct. Rep. 25; *People* v. *House*, 4 Utah, 369, 10 Pac. 838.)

Baggett, Jones & Sheridan, for Respondents.

The action involves a transitory cause of action in trover of which the court has jurisdiction. (*McGonigle* v. *Atchison*, 33 Kan. 726, 7 Pac. 550; *United States* v. *Stone*, 167 U. S. 178, 17 Sup. Ct. Rep. 773; *Radway* v. *Duffy*, 79 App. Div.

116, 80 N. Y. Supp. 334; *Hoy* v. *Smith,* 49 Barb. 360; *Golden Gate etc. Mining Co.* v. *Joshua Hendy etc. Works,* 82 Cal. 184, 23 Pac. 45; *Makely* v. *Booth Co.,* 129 N. C. 11, 39 S. E. 582.) The court is not deprived of jurisdiction to grant such relief as is within its power because other relief asked for cannot be granted. (*Peninsular etc. Co.* v. *Pacific etc. Co.,* 123 Cal. 690, 56 Pac. 604, and cases cited.) The remedy by appeal will preclude prohibition. (*Lindley* v. *Superior Court,* 141 Cal. 220, 74 Pac. 765; *Jacobs* v. *Superior Court,* 133 Cal. 364, 85 Am. St. Rep. 204, 65 Pac. 826.)

BEATTY, C. J.—This is an original proceeding in which the petitioners pray for the issuance of a writ of prohibition to the superior court and the judge thereof commanding and directing them to desist and refrain from further proceeding in an action in which petitioners are made defendants. In response to our alternative writ the respondents have filed an answer and demurrer to the petition. The answer raises no issue except as to the adequacy of petitioners' remedy by appeal—a question of minor importance. The question of jurisdiction arises upon the demurrer. The petitioners are a California corporation and its directors, and their petition sets out a copy of the complaint against them which was filed in the superior court, and copies of their several demurrers thereto based upon the ground that the court has no jurisdiction of the subject of the action. It is alleged that these demurrers were argued, submitted to the court, and by the court overruled.

From this statement it will be seen that the question to be determined is whether the complaint which the petitioners are required to answer and defend in the superior court of San Francisco sets forth a cause of action over which that court has no jurisdiction.

It is therein alleged that the plaintiff, the Golden Gate Mill and Mining Company, and the defendants, the Ophir Silver Mining Company and the Nevada National Bank of San Francisco, are California corporations having their offices and principal places of business in San Francisco; that ever since the year 1880 the plaintiff has been and now is the owner of and possessed of and entitled to the possession of a certain patented mining claim situated in Storey County,

Nevada, consisting of surface ground with definite boundaries and including a vein or lode bearing gold, silver, etc., having its top or apex within the limits of the surface lines, but in its downward course departing "easterly from the perpendicular," but remaining between vertical planes conforming to the end lines of the patented claim.

The remaining allegations and the prayer of the complaint are as follows:—

"That on or about the 1st day of August, 1903, the said defendants, Ophir Silver Mining Company, Charles H. Fish, Charles Hirshfeld, A. W. Havens, A. F. Coffin, Nat T. Messer, H. Zadig, John W. Twiggs, John Doe, Richard Roe, and Jane Foe, and their agents, servants and employees, unlawfully, forcibly and willfully, against the will and without the consent of plaintiff, entered into and upon the said ground and premises hereinabove described, and commenced and then and thereafter, for the purpose of mining the said ground and the said vein, lode, ledge and deposit and extracting the ores therefrom, cut, made and excavated certain drifts, tunnels, winzes, stopes and openings into, under and upon the said vein, lode, ledge and deposit, and the said ground and premises, and ever since the said last mentioned date have intruded and trespassed upon the said ground and premises and the said vein, lode, ledge and deposit, and have dug up, extracted, taken out of, mined and removed from the said ground and premises and from the said vein, lode, ledge and deposit and converted to their own use large quantities of the mineral deposits, earth, rock and ores bearing gold and silver and other precious metals, of the value, as plaintiff is informed and believes, of four hundred thousand dollars and upwards; that the said defendants threaten and intend to continue to prosecute for their own use and benefit the business of mining in, under and upon the said ground and premises, and the said vein, lode, ledge, and deposit, and the excavating, digging and removal of earth, rock and ores bearing gold, silver and other precious metals therefrom and the sale and conversion of the same to their own use and benefit and will so continue unless restrained and enjoined by this honorable court.

"That a large quantity of the said earth, rock and ores so taken from the said ground and premises and the said

vein, lode, ledge and deposit by the said defendants has been sold and disposed of by them and the proceeds thereof converted to their own use and benefit, and that a large part of the said proceeds so converted by them has been wasted and dissipated and expended in the payment of dividends upon the capital stock of the defendant, Ophir Silver Mining Company, but that a large portion thereof, to wit: ninety-five thousand dollars or thereabouts, has been brought into this state by the said defendants and deposited with the defendant, the Nevada National Bank of San Francisco, at the said city and county of San Francisco, California, to the use and benefit of the said defendant, Ophir Silver Mining Company, and the said sum so deposited has been retained by, and is now deposited with the defendant, the Nevada National Bank of San Francisco, to the use and benefit of the defendant, Ophir Silver Mining Company, and that the said defendant, the Nevada National Bank of San Francisco, threatens and intends, and unless restrained by this honorable court will pay out and disburse the said sum upon the checks and orders of the defendant, Ophir Silver Mining Company, and the said defendant, Ophir Silver Mining Company, threatens to and intends to, and unless restrained by this honorable court, will issue and draw checks and orders upon the defendant, the Nevada National Bank of San Francisco, directing it to pay out and disburse to the use of the said defendant mining company all of the said sum so deposited with it, whereby the said sum will be wholly lost to the plaintiff to the great and irreparable injury of the plaintiff.

"That the said defendants, Ophir Silver Mining Company, Charles H. Fish, Charles Hirshfeld, A. W. Havens, A. F. Coffin, Nat T. Messer, H. Zadig, John W. Twiggs, John Doe, Richard Roe and Jane Foe, threaten to and intend to, and unless restrained by this honorable court will continue to intrude and trespass upon the said ground and premises and the said vein, lode, ledge and deposit and intend to and will make further cuts, drifts, tunnels, winzes, stopes, openings and excavations therein for the purpose of mining the same and extracting the ores therefrom, and intend to and will continue to dig up, take out, mine, extract and remove from the same and convert to their own use the rock and ores bearing gold and silver and other precious metals and other min-

eral deposits therein of the value of five hundred thousand dollars and upwards and will thereby take from the same the entire mineral value thereof before it will be possible to obtain a trial of this action, to the great and irreparable injury of the plaintiff.

"That unless the said defendants, their agents, servants and employees are restrained and enjoined from intruding and trespassing upon the said ground and premises and the said vein, lode, ledge and deposit and making and extending cuts, drifts, tunnels, winzes, stopes, openings and excavations therein and from digging up, extracting, mining and removing and carrying away from the same the said mineral deposits, rock, earth and ores bearing gold and silver and other precious metals, the value and substance of the said ground and premises and the said vein, lode, ledge and deposit will be destroyed and thereby the plaintiff will suffer great and irreparable injury.

"That plaintiff has no plain, speedy or adequate remedy at law against the said defendants, and can have relief only in a court of equity where matters of this nature are properly cognizable and relievable.

"Wherefore plaintiff prays for an injunction *pendente lite* restraining the defendant, Ophir Silver Mining Company, from drawing or issuing its checks or orders upon the defendant, the Nevada National Bank of San Francisco, requiring it to pay out any of the said moneys deposited with it out of the said proceeds, or from removing any of the said moneys so deposited, and restraining the defendant, the Nevada National Bank of San Francisco, from paying or honoring any of the said checks or orders or from permitting the removal of any of the said funds, and that on the final hearing that the said injunction be made perpetual; for an injunction *pendente lite* restraining the defendants from intruding or trespassing upon the said ground and premises and the said vein, lode, ledge and deposit, or from mining, extracting or removing therefrom any of the ores, rock, earth or deposits bearing gold, silver and other precious metals, or from converting the same to their own use, and that on the final hearing that the said injunction be made perpetual; for an accounting from the said defendants of the amount and value of the ores removed and converted by them, and that plaintiff

have judgment against the defendants other than the Nevada National Bank of San Francisco, for the sum of four hundred thousand dollars, or the amount and value of the said ores so removed by the said defendants, and for a judgment requiring the defendant, Nevada National Bank of San Francisco, to pay to plaintiff the amount of the said moneys so deposited with it by the defendant mining company, out of the proceeds of the said ores so removed, and for general relief to which plaintiff may properly be entitled."

The contention on the part of the petitioners is that the issues tendered by this complaint determine the character of the action, and show conclusively that it is purely and simply an action of trespass *quare clausum fregit*, that it is, therefore, local, and that the jurisdiction belongs exclusively to the courts of Nevada where the mine is situated. Respondents contend that it is purely and simply an action for the recovery of the value of personal property—trespass *de bonis asportatis*—or trover, that it is, therefore, transitory, and that the jurisdiction belongs to any court whose process will reach the persons of the trespassers. There is no doubt that the owner of land, if he chooses to waive all claim for damages to the freehold, may maintain a personal action for the value of timber or ores removed from the land by a naked trespasser, and the mere fact that in such action he may be compelled to allege, and, if denied, to prove, ownership of the land from which the timber is cut or the ore extracted does not make the action local. There is as little doubt that where the whole or any part of the damages claimed is for injury to the freehold the action is local, and not transitory. The basis of this distinction is stated by Chief Justice Marshall in the course of his opinion in *Livingstone* v. *Jefferson,* 1 Brock. 209, [Fed. Cas. No. 8411]: "Actions are deemed transitory where the transactions upon which they are founded might have taken place anywhere, but are local when their cause is in its nature essentially local." As land can be injured only where it is situated damages for such injuries can only be recovered where it is situated, but since timber or ores, when severed from the land by the act of a trespasser, remain the personal property of the owner and are capable of being converted by any person anywhere, an action to recover only the value of the ore or timber after severance is

transitory and may be maintained wherever the trespasser can be served with summons. The validity of this distinction has been doubted, but the great authority of Lord Mansfield was exerted in vain to set it aside in England, and it has been enforced not only there but in most of the United States. In this state the rule is statutory that an action for injuries to real property must be tried in the county where the land is situated, except in those cases where a change of the place of trial may be ordered for special reasons. (Code Civ. Proc., sec. 392.) So that if an action were commenced in this state for a trespass upon land situated within this state consisting in the cutting and removal of timber or the digging and carrying away of ores, and any part of the damages claimed was for injury to the freehold as distinct from the value of the timber or ores after severance, the jurisdiction of the action would belong to the superior court of the county in which the land was situated. We could not, therefore, without disregarding the law which we have made for ourselves, as well as the long course of decisions in England and the United States, hold that an action for damages to realty situated in the state of Nevada can be maintained in the courts of California. It is, however, not to be questioned that for a trespass to the person or to personal property—as for the breach of a contract—wherever committed, an action may be maintained in our courts, the venue depending, in most instances, upon the residence of the defendant. The apparently conflicting decisions in cases arising out of trespasses of the character alleged in this complaint all recognize this distinction, and if they present any real conflict it arises solely from the varying constructions placed upon the pleadings in the several cases cited by counsel in determining what the gravamen of the action was—injury to the realty or value of the timber, earth, sand, or ore removed from the land. In *Ellenwood* v. *Marietta Chair Co.*, 158 U. S. 105, [15 Sup. Ct. Rep. 771], it was held by the supreme court of the United States that the circuit court of Ohio had no jurisdiction of an action for damages for cutting timber from lands in West Virginia, and this upon the theory that the principal ground of the action was the trespass to the land, the alleged value of the timber being a mere incident. Upon this ground it was distinguished in the later case of *Stone* v. *United States*, 167

U. S. 178, [17 Sup. Ct. Rep. 778], where it was held that an action could be maintained in the courts of the state of Washington for the value of timber cut by a trespasser from public lands in Idaho, and this upon the theory that the gravamen of the action was the conversion of the timber after its severance from the land. In *American U. Tel. Co. v. Middleton,* 80 N. Y. 405, it was held that the courts of New York had no jurisdiction of an action for damages for cutting down telegraph-poles in New Jersey; while in the case of *Hoy v. Smith,* 49 Barb. 360, the plaintiffs recovered in a New York court the value of ores extracted from a mine situated in Colorado. On the authority of the latter case a judgment for the value of earth removed by a trespasser was sustained in *Radway v. Duffy,* 79 App. Div. 116, 80 N. Y. Supp. 334, and the former case distinguished on the ground that no asportation of the telegraph-poles was alleged, the action being wholly or principally for injury to the land of which the poles while standing were a part. In *McGonigle v. Atchison,* 33 Kan. 726, [7 Pac. 550], the jurisdiction of a Kansas court was sustained in an action to recover the value of sand dug from land situated in Missouri because the plaintiff, while alleging the trespass upon the land, asked damages only for the value of the sand—the personal property—and waived all the wrongs and injuries to the real estate and to his possession thereof. The case of *Dodge v. Colby,* 108 N. Y. 445, [15 N. E. 703], involved a claim for damages to the freehold and also for the value of the timber and turpentine removed from lands in Georgia. It was held that the allegation of value of the timber and turpentine was merely incidental and that the courts of New York had no jurisdiction. The report of the case does not show the form of the allegations and does not aid us in construing the complaint in question here. It would be a waste of time to pursue this analysis of the cases further. There is no real conflict upon the point of law, and the only difficulty is in determining what construction must be placed upon this complaint, the principal allegations of which I have preferred to set out in full rather than to attempt a statement of their legal effect. It is plain that the pleader did not frame his complaint upon the present theory of the respondents,—i. e. upon the theory that he was commencing a simple action at law to recover the value of ores

severed from the mine by mere trespassers. Many of his allegations, and all of his prayer for relief, show that he was proceeding upon a very different theory,—viz., that an action at law would afford him no adequate relief, and that it was necessary to invoke the powers of a court of equity not only to compel an accounting, but to enjoin and restrain these petitioners from mining upon the ground of which in one part of his complaint he claims to be in possession, but which by his more specific allegations he shows to be in the possession of petitioners, who are systematically and continuously mining and appropriating the ores therein contained. Those parts of the complaint and of the prayer which look to an injunction against the Nevada Bank may be disregarded in the present discussion, that corporation not being a party to this proceeding and the questions as to the right to such an injunction not being in any event jurisdictional. But the allegations of continuing trespasses of the petitioners and their threat to continue the same and the prayer for an injunction to restrain future trespasses *pendente lite* and perpetually are more material. With respect to territorial jurisdiction there can be no difference between a suit in equity to restrain future trespasses upon real property and an action at law for past trespasses upon the same. If one is local the other is necessarily local and for the reason which forms the basis of the distinction between local and transitory actions— for the reason, that is to say, that the injury to be redressed in one case, or prevented in the other, can only take place where the land or mine is situated. Besides, the right to an injunction in cases of this character does not merely involve incidentally the question of title to the mine, but essentially depends upon it. We are cited to no case in which the right of the courts of one state to enjoin threatened trespasses upon lands situate in another state or country has been upheld, and we are satisfied that as to so much of the relief sought against these petitioners the superior court is wholly without jurisdiction.

But the respondent contends that, disregarding those parts of the prayer of his complaint to which we have referred, and the allegations to which they respond, and considering only his prayer for a judgment for the alleged value of the ores, his complaint, under our liberal rules of pleading, and

for the purpose of sustaining the jurisdiction, may and should be treated as a complaint in an action of trover for conversion of the ores, and the superior court allowed to proceed upon that theory. It would, perhaps, be within our discretion in a proper case to frame an order and a writ in conformity with this suggestion, but we hardly think a simple action of trover for the value of personal property ought to be tried upon this complaint and any responsive answer. So long as the complaint contains allegations of threatened future injuries to the realty and prays an injunction against future trespasses the case is on a par with those cases in which a part of the damages claimed was for injury to the freehold. The complaint certainly requires amendment before the petitioners are compelled to answer so that it may present the issues of which the superior court has jurisdiction plainly and by themselves, and it would seem to be as simple a mode as any of reaching the desired result to prohibit any further proceedings in the pending action except to dismiss it without prejudice.

There are other considerations affecting this request of the respondents for a qualified denial of the writ. It is at least a probable inference from the allegations of the complaint which the petitioners have been required to answer that the actual case upon which the action is based is this: that the petitioners are mining in depth outside of the surface lines of the claim described in the complaint, either upon public land or within the surface lines of patented ground belonging to them or to third persons, and that the only claim of title on the part of the plaintiff is that they are extracting ore from the extralateral dip of the vein or lode which has its top or apex within the lines of its surface claim. All the allegations of the complaint are consistent with this construction, and upon any other construction the allegation as to the easterly dip of the lode included within the surface lines of plaintiff's patent is superfluous and meaningless. If this is the case it will not support a personal and transitory action. There can be no recovery of wood or ore or hay in specie, or of its value in an action of trover, when it has been taken from land in possession of the defendant under claim and color of title asserted in good faith. (*Halleck* v. *Mixer,* 16 Cal. 574; *Kimball* v. *Lohmas.* 31 Cal. 157; *Page* v. *Fowler,* 28

Cal. 610, s. c. 37 Cal. 107, 109.)    The title to everything within the surface lines of a mining claim to the center of the earth is *prima facie* in the patentee, if a patented claim, or if, unpatented, in any qualified locator in actual possession and engaged in mining thereon; and his claim of ownership of any body of ore within his lines as against the owner of another surface claim must, when asserted, be presumed to be a claim in good faith.   In such a case, the question of title is not incidental, but fundamental, and it cannot be litigated in a personal and transitory action.

Considerations more substantial than technical rules of procedure sustain this conclusion.    The trial of the questions necessarily arising in such a case would call for the testimony not only of scientific experts but of many practical experts (miners) who had examined the ground and been through all the tunnels, drifts, etc., by means of which the alleged identity of the croppings in one claim and the ore found in the other could be supported or disproved.   A somewhat extensive and varied experience in the trial of such issues in the mining litigation of Nevada convinces me that the practical inconvenience in the way of delay and expense in trying the title to Nevada mines in the state of California would be intolerable to the litigants and equally so to the courts.    And the same doctrine which would compel a Nevada miner to litigate the title to his mine in the courts of California would compel the owner of a California mine to defend his title in the courts of Maine or Florida.

For the reason, therefore, that the complaint under consideration does plainly count upon threatened injury to the freehold as a ground of relief (by injunction) which the court has no power to grant, and because disregarding the allegation of threatened injury to the freehold the more reasonable construction of the remaining allegations presents a case involving the determination of a disputed title, we think the writ of prohibition should be made absolute.    If there are grounds for a personal action the plaintiff can dismiss the present action without prejudice, and in a new complaint present its case in a form corresponding to the construction which we are asked to give to the present complaint.

The attempted denial in the answer of the great and unnecessary costs and expenses to which the petitioners would

be subjected by a trial in California of the issues tendered in the complaint is wholly insufficient. That they would have a remedy by appeal is, of course, true, but this remedy would be wholly inadequate for the reason that much the greater part of the expenses (of transporting witnesses, etc.) could not be recovered as legal costs. This fact distinguishes the case from *Lindley* v. *Superior Court*, 141 Cal. 220, [74 Pac. 765].

Let the peremptory writ of prohibition issue as prayed.

Van Dyke, J., McFarland, J., Lorigan, J., Angellotti, J., and Shaw, J., concurred.