FREEMAN S. HODGES, *Plaintiff in Error*, v. THE HUNTER COMPANY, A CORPORATION, AND DEXTER HUNTER, *Defendants in Error*.

A count in a declaration for the conversion by the defendants of cypress trees which had been cut from plaintiff's land situate

in the State of Georgia and claiming damages based on the value of the cypress trees states a transitory cause of action, of which the Florida Courts have jurisdiction, the plaintiff and defendants being domiciled in Florida, and process having been served on the defendants in Florida.

This case was decided by Division B.

Writ of error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*Alex. St. Clair-Abrams,* for Plaintiff in Error;

*Toomer & Reynolds, Bryan & Bryan* and *Pratt A. Brown,* for Defendants in Error.

HOCKER, J.—The plaintiff in error brought an action at law in the circuit court of Duval county against the defendants in error, the declaration containing the two following counts:

"Freeman S. Hodges, a resident of Jacksonville, Duval county, Florida, by Alex. St. Clair-Abrams and E. K. Wilcox, his attorneys, sues The Hunter Company, a corporation duly organized and existing under the laws of the State of Florida and having its principal place of business in Jacksonville, Duval county, Florida, and Dexter Hunter, a resident of Duval county, Florida, in an action on the case for trover and conversion.

For that whereas the plaintiff, Freeman S. Hodges on the 1st day of January, A. D. 1908, was the owner of and was possessed as of his own property of a large number of cypress trees standing on certain lots lying and situate

in the county of Echols, State of Georgia, and known and described as follows, to-wit:

Lots No. 154, 216, 217, 218, 219, and 228 of the Thirteenth District of Echols County (originally Appling County) Georgia.

which said trees contained by estimation seven million feet of boards, ordinary board measurement, 1 x 12, of the value of thirty dollars ($30.00) per thousand feet, and of the aggregate value of Two Hundred and Fifty Thousand Dollars, ($250,000.00) ; and being so possessed thereof, on the day aforesaid and on divers other days and times between that day and the commencement of this suit, said cypress trees were severed from the realty and being severed, became and then was personal property belonging to the plaintiff, and in his lawful possession, and the same afterwards, to-wit, on the same day and on divers other days and times between that day and the commencement of this suit, there were taken possession of by the defendants. Yet the defendants, well knowing the said goods and chattels, to-wit the said cypress trees then cut and severed from the realty, to be the property of the plaintiff, without authority or knowledge of the plaintiff and against his will, removed said goods and chattels, to-wit, the said cypress trees from the land on which they were lying and converted and disposed of the said goods and chattels, to-wit, the said cypress trees, to its, his and their own use, to the damage of the plaintiff in the sum of $250,000.00.

Wherefore the plaintiff brings this his suit and claims $250,000.00 damages.

SECOND COUNT.

And for that whereas the plaintiff, the said Freeman S. Hodges, being then and there, to-wit, on the 1st day

of January, A. D. 1908, a resident of the county of Duval and State of Florida, was the owner and was possessed in fee simple of certain tracts or parcels of land lying and situate in the County of Echols and State of Georgia, and known and described as follows, to-wit:

Lots No. 154, 216, 217, 218, 219, and 228 of the Thirteenth District of Echols County (originally Appling County) Georgia,

and the defendant, The Hunter Company, a corporation duly organized and existing under the laws of the State of Florida, and having its principal place of business in Jacksonville, Duval County, Florida, and being then and there a resident of Duval County, Florida, and the defendant Dexter Hunter being then and there a resident of the County of Duval and State of Florida, with force of arms, on the 1st day of January, A. D. 1908, and on divers other days and times between that day and the commencement of this suit, in the county of Echols and State of Georgia aforesaid, cut and destroyed the cypress trees standing on said tracts of land herein before described and then growing and being in and upon said lands there situate, and took and carried away the said cypress trees and converted and disposed of the same to its, his and their own use, and other wrongs to the plaintiff then and there did, to the damage of the plaintiff in the sum of $250,000.00.

Wherefore the plaintiff brings this his suit and claims $250,000.00.

Alex. St. Clair-Abrams,
E. H. Wilcox,
Attorneys for plaintiff."

The defendants demurred to each count of the declaration on two grounds: 1st. It appears that this court is

without jurisdiction.    2nd.    Plaintiff's cause of action is local and not transitory.

On a hearing the demurrer was sustained and the plaintiff declining to amend, final judgment was entered against him.    Plaintiff has brought this judgment here for review on writ of error.

The contention of the defendants in error is that each count of the declaration shows that the cause of action is really one of *quare clausum fregit,* and is, therefore, local in its nature, and as the land from which the cypress timber was taken is situated in Georgia, the courts of Florida have no jurisdiction of the suit.    The further contention is that if the first count does not clearly show a cause of action purely local, we may look to the second count to discover the real cause of action, and if the real cause of action in each count is thus discovered to be local and not transitory, we should apply the demurrer to both counts.    This last contention, whatever be the rule in the Code States, has no application to pleading in Florida. We are here committed to the doctrine that if there be one good count in a declaration, it is sufficient to withstand a demurrer to the whole declaration, and if that cause substantially states a cause of action, it is not subject to demurrer.    Jacksonville, T. & K. W. Ry. Co. v. Griffin, 33 Fla. 602, 15 South. Rep. 336.    Of course if a count is made a part of a previous count by special averment, a different rule might apply.    But where this is not done each count stands upon its own merits.    Barbee v. Jacksonville and Alligator Plank Road Co., 6 Fla. 262; McKay v. Friebele, 8 Fla. 21; Atlantic Coast Line R. Co. v. Beazley, 54 Fla. 311, 45 South. Rep. 761.    To the same effect are several other Florida cases.

It is contended by the plaintiff in error that the first count in his declaration is one of trover and conversion,

and that the second count is one of trespass *de bonis asportatis,* and that both actions are transitory in their nature, and that being such, and it being alleged and admitted that both plaintiff and defendant are residents of Duval county, Florida, the Circuit Court of Duval County has jurisdiction of the cause of action, even though the plaintiff may be required to prove title to the lands in Georgia in order to show title to the cypress logs alleged to have been taken from the lands by the defendants. We have carefully examined each count of the declaration, and though we do not discover that they exactly follow any one of the forms which we have seen, we think that the first count of the declaration in substance states a case of trover and conversion. In this count no damages are alleged or sought to be recovered except the value of the cypress trees which had been severed from the land and are alleged to have been removed therefrom and converted by the defendants to their own use. This count is authorized by Skinner v. Pinney, 19 Fla. 42. No damages are claimed expressly or by implication for injury to the soil. It may be that the second count does not clearly state a case of *de bonis asportatis,* for it is not expressly alleged that the damages sought to be recovered are for the value of the cypress trees or logs alone. This count might include damages for cutting and destroying the cypress trees. It therefore has some of the characteristics of trespass *quare clausum fregit.* But we think the first count is not obnoxious to this objection. It states a case of conversion of personal property, for trees after they are cut become the personal property of the owner of the land.

Is there any valid jurisdictional objection under the circumstances of this case where all the parties reside in Florida, to the trial of this suit by the Circuit Court of Duval County? There are a few authorities which main-

tain that such a cause of action is not transitory but local, and that such an action must be tried in the State where the land is situated. See Powell v. Smith, 2 Watts (Pa.) 126; but contra, Wright v. Guier, 9 Watts (Pa.) 172, in which it is said that in the decisions of Pennsylvania there are "jarring dicta." But we think the over-whelming weight of authority is that the action is transitory and not local, and may be tried by the courts of any State which has jurisdiction of the parties. The case of Whidden v. Seelye, 40 Me. 247, is a case directly in point. It was an action of trover alleging a conversion at Calais of certain mill logs and other personal property. The defendant pleaded in substance that the logs were taken from land in the Province of New Brunswick and raising the question of the jurisdiction of the court in Washington county, State of Maine, of the cause of action. The plea was demurred to and the demurrer sustained. The court in its opinion says (p. 255) : "When there has been a severance of what belongs to the freehold and an asportation, the action of trover may be maintained * * * . The title to the property severed remains unchanged and the owner may regard it as personal property and maintain replevin. * * * So, the tort being waived if the property severed has been sold, the action of assumpsit may be maintained." In this case the court found no difficulty in construing deeds and contracts executed in the Province of New Brunswick.

In the case of Stone v. United States, 167 U. S. 178, 17 Sup. Ct. Rep. 778, it is stated in the first head note that the United States Court in the District of Washington has jurisdiction of an action brought by the United States against a defendant, found there, to recover for timber unlawfully cut from lands of the United States in Idaho In the opinion it is said: "It is contended in behalf of

Stone that as the lands from which the trees were alleged to have been unlawfully cut are in Idaho, the action is local to that State, and the District Court of the United States for the District of Washington was without jurisdiction. *Ellenwood v. Marietta Chair Co.*, 158 U. S. 105, is cited as an authority for this proposition. But that case proceeded upon the theory that the allegations of the petition, at the time it was tried, presented a single cause of action, in which the trespass upon the land was the principal thing, and the conversion of the property was incidental only, and, therefore, that the entire cause of action was local. In the present case the petition, it is true, avers that the United States was the owner of the lands from which the trees were cut, but the gravamen of the action was the conversion of the lumber and the railroad ties manufactured out of such trees, and a judgment was asked, not for the trespass, but for the value of the personal property so converted by the defendant. The description in the petition of the lands and the averment of ownership in the United States were intended to show the right of the Government to claim the value of the personal property manufactured from the trees illegally taken from its lands. Although the Government's (?) denial of the ownership of the land made it necessary for it to prove its ownership, the action in its essential features related to personal property, was of a transitory nature, and could be brought in any jurisdiction in which the defendant could be found and served with process. And a suit could have been brought to recover the property wherever it could be found." The contention of the defendant in error in commenting on and explaining this case, that the Federal Courts have a sort of National jurisdiction is not relied on by the court itself. It relies on the proposition that when the trees are cut, they be-

come the personal property of the owner of the soil, and that a suit for conversion of them may be brought wherever the defendant can be found. The same principle is recognized in the case of Ophir Silver Min. Co. v. Superior Court of City and County of San Francisco, 147 Cal. 467, 82 Pac. Rep. 70, in a very interesting opinion. Says the court on page 473: "There is no doubt that the owner of land if he choose to waive all claim for damages to the freehold may maintain a personal action for the value of timber or ores removed from the land by a naked trespasser, and the mere fact that in such action he may be compelled to *allege and if denied to prove* ownership of the land from which the timber is cut or the ore extracted does not make the action local. There is little doubt that where the whole or any part of the damages claimed is for injury to the freehold the action is local and not transitory." The court further says on page 474: "The apparently conflicting decisions in cases arising out of trespasses of the character alleged in this complaint all recognize this distinction, and if they present any real conflict it arises solely from the varying constructions placed upon the pleadings in the several cases cited by counsel in determining what the gravamen of the action was—injury to the realty or value of timber, earth, sand or ore removed from the land." From a consideration of the many cases cited in the instant case, this comment of the California court strikes us as very apposite. The cases seem to turn largely upon questions of pleading—whether the cause of action stated is for injury to land, or for the conversion of timber, etc., removed from the land. The Supreme Court of Minnesota has taken the position that an action would lie in that State for injuries to real estate situated in Wisconsin. Little v. Chicago, St. P., M. & O. Ry. Co., 65 Minn. 48, 67 N. W. Rep. 846. We do

not feel called upon in this case to either adopt or reject the views of the majority of the court in that case.

The case of Dodge v. Colby, 108 N. Y. 445, 15 N. E. Rep. 703, relied upon by the defendants in error was a case of pure trespass to realty, if we can judge by the complaint. We can discover no allegation of the asportation of the timber which was alleged to have been cut on the plaintiff's land. It stated a case of trespass *clausum fregit*—generally held to be a local action.

In the case of McGonigle v. Atchison, 33 Kan. 726, 7 Pac. Rep. 550, it is held that: "Where a mere wrongdoer enters upon land in the State of Missouri and severs sand therefrom, and transports it to Kansas and there converts it to his own use, the sand remains the property of the owner of the land up to the time of the conversion, and he may afterwards recover from the wrongdoer the value of the sand in an action brought in Kansas—such action being transitory." See Riley v. Boston Water Power Co., 11 Cush. (Mass.) 11.

In the case of Tyson v. McGuineas, 25 Wis. 656, it is held: "Defendants having cut timber from plaintiffs' land in another State, and converted the timber to their own use, an action for the conversion (but not for the trespass) will lie against them in this State."

We have examined a number of other cases cited in the briefs of the parties, but we find nothing in them to change the views which we have expressed. It is not necessary, on the contrary it would be burdensome to the profession, to go into a detailed examination of them in this opinion.

We are of opinion that the first count in the declaration states a cause of action for the conversion of the trees which had been cut and were lying on the land as therein

alleged, and that the demurrer to this count should not have been sustained. The judgment of the Circuit Court is reversed, and the cause remanded for further proceedings.

TAYLOR and PARKHILL, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.