[Civ. No. 2488.   Third Appellate District.—June 23, 1922.]

THOMAS W. BAKER, Petitioner, v. THE SUPERIOR COURT OF SACRAMENTO COUNTY et al., Respondents.

[1] TRIALS—CONCURRENT JURISDICTION WITH ACCIDENT COMMISSION—CONSOLIDATION OF ACTIONS—RULES OF PROCEDURE.—Where a suit for damages for personal injuries is properly brought in the superior court, the rules of procedure that are prescribed for the trial of actions in that court must apply, and the right of that court to consolidate that action with other actions for the purpose of trial is not affected by the fact that its jurisdiction to

try said action is merely concurrent with the Industrial Accident Commission, whereas its jurisdiction to try the other cases is exclusive.

[2] ID.—CONSOLIDATION OF ACTIONS—RIGHT OF SUPERIOR COURT.—In view of the provisions of sections 4 and 427 of the Code of Civil Procedure, the superior court has no inherent common-law right to consolidate actions for the purpose of trial regardless of statutory provisions.

[3] WORKMEN'S COMPENSATION ACT — CONSOLIDATION OF ACTIONS AGAINST THIRD PERSONS—TITLE OF ACT—CONSTITUTIONALITY.— Although the provisions of section 26 of the Workmen's Compensation Act (Stats. 1919, p. 920), relating to the claim of an "employee" and his right to bring suit against a third person, and providing for the consolidation of such an action with an action brought by the employer against such third person, are not specially indicated in the title of said act, those provisions are fairly connected with and calculated to carry into effect the declared object of the act, and, therefore, that section is not unconstitutional as violative of section 24 of article IV of the state constitution, which requires the subject of any act of the legislature to be expressed in its title.

[4] TRIALS—ERRONEOUS CONSOLIDATION OF ACTIONS—APPEAL—PROHIBITION.—Error of the trial court in consolidating for the purpose of trial an action by an employee against a third person for damages for personal injuries and an action by the employer against said third person for damages for injury to property of the employer may be reviewed on appeal from the judgment, and in the absence of exceptional circumstances because of which that does not afford a plain, speedy, and adequate remedy, a writ of prohibition will not issue to prevent such consolidation.

APPLICATION for a Writ of Prohibition to prevent the Superior Court of Sacramento County, and Charles O. Busick, Judge thereof, from consolidating certain actions for the purpose of trial. Writ denied.

The facts are stated in the opinion of the court.

Fred J. Harris for Petitioner.

Ben P. Tabor for Respondents.

BURNETT, J.—This is a petition for a writ of prohibition to prevent the superior court from trying another ac-

---

3. Joinder of injury to person and property arising out of single tort, notes, 3 **Ann. Cas.** 464; **Ann. Cas.** 1912D, 256.

tion in connection with and at the same time as the trial of the case of *Baker* v. *The Central California Traction Company.* Thomas W. Baker and one Alfred Schultz were injured in the city of Sacramento while riding on a fire-truck that was wrecked by an interurban car belonging to said company. At the time Baker was an employee of said city as a member of the fire department and was acting in the course of his duty 'as tillerman of the truck. He brought an action in the superior court against said company for damages caused by the alleged negligence. A separate action of the same character was brought against the company by Schultz and another by the city of Sacramento for damages caused by the destruction of the truck and for compensation for certain moneys paid out on behalf of Baker and Schultz. When petitioner moved the superior court to set his case for trial before a jury respondent company moved the court to consolidate the actions for the purpose of trying them together. This latter motion was granted over the objection of Baker, Schultz not appearing, and the court set the consolidated action for trial for June 29th. Petitioner seems to attach some importance to the circumstance that the superior court has exclusive jurisdiction to try the Baker and Schultz cases while it has only concurrent jurisdiction with the Industrial Accident Commission over the city case. [1] But since the suit was properly brought in the superior court, as far as the order of consolidation is concerned the concurrent jurisdiction of said commission is of no significance, and the rules of procedure that are prescribed for the trial of actions in said court must, of course, apply. [2] This is true unless, as contended by respondents, there is a common-law right in the court to consolidate these actions regardless of statutory provisions. As to this, though, we are satisfied that respondents are in error. Whatever may be the rule in other jurisdictions, in this state the subject is regulated and controlled by statute. In support of their position respondents rely upon the authority of Cyc. and Corpus Juris. In the former it is said: *"In the absence of legislative enactment* courts of general common-law jurisdiction have inherent power to consolidate two or more actions at the instance of the defendant or with his consent."* (8 Cyc. 591.)

In Corpus Juris the rule is stated as follows: "Courts of general jurisdiction have, independently of statute, inherent power to consolidate different actions where the conditions authorizing consolidation exist; . . . The practice of consolidating actions has now in many jurisdictions been expressly authorized, either generally or under certain conditions, by statutory provisions, some of which, it is to be observed, are broader than others, and it has been held that this statutory authority is exclusive of the common-law authority." (1 Corpus Juris, 1122.)

It is further stated on page 1124 that "if the conditions essential to authorize a consolidation do not exist the court has no discretion to exercise."

But it is a familiar rule here that "the code establishes the law of this state respecting the subjects to which it relates" (sec. 4, Preliminary Provisions, Code Civ. Proc.), and section 427 of the Code of Civil Procedure provides what causes of action may be joined. It is not disputed that the facts herein do not bring the case within the contemplation of said section. [3] Indeed, the only statutory provision upon which respondents rely as justifying the order of consolidation is section 26 of the Workmen's Compensation Act. (Stats. of 1919, p. 920.)

Said section, as far as applicable, provides: "The term 'employee,' as used in this section, shall include the person injured and any other person in whom a claim may arise by reason of the injury or death of such injured person. . . . The claim of an employee for compensation shall not affect his right of action for damages arising out of injury or death against any person other than the employee; and any employer having paid, or having become obligated to pay, compensation, may likewise bring an action against such other person to recover said damages. If either such employee or such employer shall bring such action against such third person, he shall forthwith notify the other in writing, by personal service or registered mail, of such fact and of the name of the court in which such suit is brought, filing proof thereof in such action, and if the action be brought by either, the other may, at any time before trial on the facts, join as party plaintiff or must consolidate his action, if brought independently."

Petitioner attacks this provision as violative of section 24 of article IV of the state constitution, requiring the subject of any act of the legislature to be expressed in its title. He calls attention to the fact that in the original "Workmen's Compensation Act" (Stats. 1913, p. 279) the only portion of the title in which any mention is made of the superior court is found in these words: "And creating an industrial accident commission, providing for its organization, defining its powers and duties, and *providing for a review of its orders, decisions and awards,*" and that the portion of the above which we have italicized is also contained in the title of the act as amended in 1917 (Stats. 1917, p. 831). In the amendment of 1919 the language is: "An act to amend sections [enumerating them] of the Workmen's Compensation, Insurance and Safety Act of 1917, approved May 23, 1917, and to add thereto a new section, to be numbered forty-six and one-half, relating to the issuance of injunctions by the superior court to enforce safety measures in places of employment." No reference is made to the superior court except in relation to the review of the awards of the Industrial Accident Commission and the issuance of injunctions to enforce safety measures. There is no mention of separate suits at the instance of the employer and the employee or of the consolidation of such actions. The asserted change in the law upon which respondents rely is manifestly of great concern to litigants and it is at least unfortunate that it was not indicated in the title to the act. However, the courts are disposed to be liberal in their construction of said constitutional provision and to be governed by the principle stated in volume 1 of Dillon on Municipal Corporations (fifth edition), page 136, as follows:

"Many of the state constitutions contain in substance a provision that no legislative act shall embrace more than one object or, as some of them phrase it, one subject, which shall be expressed in its title. Requiring such subject or object to be expressed in the title is to prevent deceptive titles, and to enable members of the legislature, and the people, through the usual publication of legislative proceedings, to form from the title an opinion of the nature and objects of the bill. Subject to the foregoing fundamental requirements, the provision has been frequently

and properly construed to require only the general or ultimate object to be stated in the title, and not the details by which the object is to be attained. Any provision fairly and reasonably connected with and calculated to carry the declared object into effect is unobjectionable, although not specially indicated in the title. It is sufficient if the title fairly expresses or plainly gives notice or warning of the subject dealt with in the body of the act.''

Applying this principle and the other rule of construction that effect must be given if possible to the acts of the legislature, we think said provision may and should be upheld.

[4] However, it is to be observed that the suit brought by the employer which may be consolidated with that of the employee is for damages by reason of compensation paid or obligation to pay to the injured employee. Obviously it does not refer to an action brought by the employer against the third party to recover damages done to the property of the former. The consolidation is permitted because the employer by reason of having compensated the employee or having become liable for his loss is subrogated to his claim against said third party for the damages suffered by said employee through the negligence of the third party. But, of course, there can be no subrogation, and no interest on the part of the employee in a separate and independent action by the employer for an injury done to his property by said third party. Such was the principal item in the cause of action on the part of the employer herein. The complaint of the city of Sacramento was to recover of the traction company the sum of $3,998.58 for damaging, breaking, and wrecking the truck and the hook, ladder, and fire apparatus. It is true that the complaint also alleges that the city by reason of its employment of said Baker ''was compelled to and did necessarily expend certain sums of money for hospital charges, medical and professional attendance and salary to said Thomas Baker during his said illness, to wit, the sum of $473.80, to the damage of plaintiff in said amount,'' but this small item should not characterize the action to the extent of compelling the plaintiff Baker to share with the city the control of the trial, when the main features of the two actions are so entirely disconnected.

Of course, it is a matter of great concern to Baker under his constitutional right to a jury trial, since his privilege of challenge to individual jurors will be greatly curtailed if the actions be tried together (sec. 601, Code Civ. Proc.), and it is manifestly of importance that a litigant be not improperly hampered in conducting the trial according to his own theory.

However, the error complained of can undoubtedly be reviewed on appeal from the judgment (sec. 956, Code Civ. Proc.), and no reason has been suggested why that method does not afford a plain, speedy, and adequate remedy within the purview of such decisions as *Hamberger* v. *Police Court of City of Fresno,* 12 Cal. App. 153 [106 Pac. 894, 107 Pac. 614]; *Simpson* v. *Police Court of Riverside,* 160 Cal. 530 [117 Pac. 553]; *Germain Seed & Plant Co.* v. *Justice Court,* 41 Cal. App. 397 [182 Pac. 784]; *Kurtz* v. *Superior Court,* 37 Cal. App. Dec. 643 (see, also, 38 Cal. App. Dec. 105); *Lindley* v. *Superior Court,* 141 Cal. 220 [74 Pac. 765]. As we understand it, no exceptional circumstances are disclosed that take the case out of the general rule which recognizes an appeal as an adequate remedy. Such circumstances are pointed out in *Ophir Silver Min. Co.* v. *Superior Court,* 147 Cal. 467 [3 Ann. Cas. 340, 82 Pac. 70], and *Consolidated Adjustment Co. of California* v. *Superior Court* (Cal.), 207 Pac. 552.

Unless we are to ignore the plain provisions of section 1103 of the Code of Civil Procedure we must hold that petitioner must await the result of the trial, and then, of course, he may be satisfied without an appeal.

We may add that, while under the rule as to prohibition we do not feel authorized to issue the writ, yet we do not mean to hold that the trial court may not, if so advised, still permit petitioner to try his case separately.

The demurrer to the petition is sustained and the writ denied.

Hart, J., and Finch, P. J., concurred.