Biehl *v.* Glick.

---

ABRAHAM BIEHL, Plaintiff in Error *v.* BENJAMIN GLICK, Defendant in Error.

ERROR TO WABASH.

Where A. and B. owned adjoining premises and fixed a corner, as indicating the boundary between them, and A. afterwards built a house, which, if the corner agreed upon was the true one, would have been upon his own land, but a line was run by the county surveyor, which placed the house upon the land of B., whereupon A. bought the strip of land, so as to include his house ; and then filed his bill to recover back his purchase money, and to rescind the sale, alleging that the survey by the county surveyor was wrong, and that the corner agreed upon in the first instance was the true boundary : *Held*, that this was not such a case of mistake of facts as would authorize a decree in favor of A., who was seeking an undue advantage by his bill.

THIS bill alleges that Glick is owner of north half of northeast quarter of Section 7, T. 1 N., R. 13 W., and Biehl owner of west half of same section ; that complainant and defendant agreed upon the half section corner between them, and inserted a stone many years ago, which was acquiesced in until the beginning of 1850, when the county surveyor established that corner five chains further east, whereby Glick's house and barn, &c., were thrown on the land of Biehl ; that Glick paid Biehl $125 for a deed which was made, conveying the strip cut off by said survey ; that Glick afterwards learned the survey was erroneous and that both he and defendant had in the aforesaid purchase and

conveyance acted under a mistake of facts. Bill prays that defendant be decreed to repay to complainant said sum of $125 with interest from date of payment, that the deed be canceled, and that a monument be placed at the true corner, to perpetuate it, and for general relief.

The answer asserts that defendant knows nothing of Glick's title—admits that defendant is owner of east half of north-west quarter of Section 7, T. 1 N., R. 13 W.—admits that parties differed as to corner and did agree four or five years ago to plant a stone at a point agreed upon—states that witness' trees are not to be seen—admits that subsequently to planting stone a survey was made, which threw Glick's house upon Biehl's land —that Glick applied to Biehl to purchase a portion of said east half of north-west quarter of Section 7, and that Biehl did accordingly execute a deed for same to Glick, for consideration of $125, which was paid by said Glick, and that Glick has had uninterrupted possession thereof since—denies that deed conveyed any other lands than those to which Biehl had title— admits that Glick might have supposed that his dwelling house was on respondent's land, and would not otherwise desire to purchase said ten acres and eighty-four hundredths, but expressly charges, that whether such dwelling was on respondent's land or not, Glick had as much knowledge on the subject as Biehl, and that there was no concealment or overreaching on part of respondent.

The Circuit Court of Wabash county, at September term, 1854, entered a decree rescinding the deed in question, directing Biehl to refund the money paid for the ten acres, and awarded costs against him. Whereupon Biehl brought the case to this court, by writ of error.

S. S. MARSHALL, for Plaintiff in Error.

E. BEECHER and H. B. MONTGOMERY, for Defendant in Error.

CATON, J. We think such a case is not made by this record as entitles the complainant to a decree. The parties owned adjoining premises, a corner was fixed by agreement, which was supposed to be correct. The complainant built his house at a place, which, if that corner was correct, was upon his own land. Afterwards a survey was made by the county surveyor, which located the corner a considerable distance east of the point selected by the parties, and so much so as to throw the complainant's house on to land owned by the defendant. On the supposition that this survey was correct, the complainant purchased of the defendant, for one hundred and twenty-five dollars,

a strip of land on the west side of the defendant's tract, sufficient to secure to him his house. This bill was filed to recover back the purchase money paid, and to rescind the sale, alleging that the survey by the county surveyor was wrong, and that the true corner is at the place originally agreed upon between the parties, and that the purchase was made under a misapprehension of the facts, by which he was induced to purchase his own land. There is no pretence of fraud on the part of the defendant. The record contains considerable testimony as to the location of the original corner, and probably the weight of the evidence is, that according to the original government survey, the complainant built his house upon his own land, but while this may be conceded, it is also undeniably true, that there is sufficient doubt about it, to leave the matter open to dispute and controversy. The fact may be conceded that the complainant was induced to make the purchase in order to secure his house. By the purchase his solicitude was set at rest. But it is not a conceded fact, that without the purchase, he owned the land on which his house stood. By first making the purchase and thus securing himself certainly against the loss of his house, and then filing this bill to set it aside and recover back the purchase money, he asks this court to try his title to the disputed premises, without the hazard which would have attended a trial at law, upon an ejectment brought against him. If upon this hearing the question of boundary is decided against him, he still is safe upon the purchase which he has made, without being subjected to the chances of a negotiation with the defendant, after a settlement of the question of title against him. He first negotiates with all the advantages which he could derive from the doubt as to the true line, and after securing the benefits of such a negotiation, he seeks to set it aside if he can show that the old line was the true one, but to maintain it if the new survey should prove to be correct. There is nothing to show that either party is now in possession of any facts which they did not know at the time he made the purchase. Nor did he even venture to offer to rescind the purchase, without a trial of the question as to the true boundary, but now only in fact seeks to rescind it, upon the judgment of this court, that the old line was the true one, and that he in fact owned the land before on which his house stood. He may well have thought it imprudent to give up the advanvantages of the purchase without the judgment of a court settling his right, and leave the defendant to try his right to the premises on which his house stood in an action of ejectment. This is a sharper practice than can meet with the sanction of this court. He bought his piece at a very reasonable price, and with as full a knowledge of all the facts

as he had at the time he filed his bill or now has, if we lay out of view the finding of the Circuit Court in his favor. We are very clearly of opinion that he should be held to his purchase. This is not such a case of mistake of facts as will authorize a court of chancery to rescind the purchase and refund the purchase money.

The decree of the Circuit Court must be reversed and the bill dismissed.

*Decree reversed.*