## JOHN C. BROWN v. W. H. IRWIN.

1. TRESPASS — *Local Action.*  The action of trespass to real estate is a local action.

2. ———— *Bill of Particulars — Practice.*  Where a bill of particulars states an action in trespass *quare clausum fregit* only, and the bill of particulars also shows that the action arose in the state of Nebraska, it is error to overrule a demurrer to such bill of particulars on the ground that it does not state a cause of action.

*Error from Norton District Court.*

THE opinion states the case.

*J. R. Hamilton,* for plaintiff in error.

*C. D. Jones,* for defendant in error.

Opinion by STRANG, C.: This was an action on appeal from the judgment of a justice of the peace.  The bill of particulars contained two counts — the first one stating a cause of action in trespass upon real property, arising in the county of Norton and state of Kansas; the second count stating a cause of action in trespass to real property, arising in the county of Furnas and state of Nebraska.  The defendant demurred to the first count, and also separately to the second count of the bill of particulars.  The demurrer to each count was overruled, and exceptions allowed.  The case was then tried by the court and a jury, resulting in a general verdict for the plaintiff against the defendant for the sum of $10, upon which the court entered judgment for that amount, and costs of suit

amounting to $61.10. A motion for new trial followed, and was overruled, and the defendant below brings the case here for review, and alleges that the court erred in overruling his demurrer.

We think the court erred in overruling the demurrer to the second count of the bill of particulars. This count stated a cause of action in trespass to real estate arising in the state of Nebraska. The action of trespass to real estate is a local action. (*Sumner v. Finegan,* 15 Mass. 280, 284; *Livingston v. Jefferson,* 19 Am. Rep. 400; Cooley, Torts, 471, 472.)

The cause of action stated in the second count having arisen in the state of Nebraska, and being a local action, the courts of Kansas could not take jurisdiction of the same, and therefore the demurrer to the second count should have been sustained. The verdict is general upon both counts. The judgment follows the verdict. It must be reversed. It is so recommended.

By the Court; It is so ordered.

All the Justices concurring.