Filed Jan. 6, 1892.

---

No. 15,494.

## Du Breuil v. The Pennsylvania Company.

JURISDICTION.—*Injury to Land Lying in Another State.—Defendant Having Railroad Running Through this and such Other State.*—An action can not be maintained in this State for an injury to land lying in another State caused by a railway company having a line of railroad running through this and such other State.

SAME.—*Trespass to Real Estate.—Action Local.*—An action of trespass for an injury to real estate must be brought in the county where the real estate is situated.

From the Lake Circuit Court.

*T. J. Wood* and *M. Wood*, for appellant.

*J. Brackenridge*, for appellee.

ELLIOTT, C. J.—The appellant asserts, by his complaint, a right to recover for injury to land owned by him situated in the State of Illinois. The cause of the injury to his land is alleged to have been the negligence of the appellee in suffering fire to escape from locomotives owned and used by it in operating a railroad of which it was the owner, extending through Lake county in this State and Cook county in the State of Illinois.

It is unnecessary to notice all of the objections urged against the complaint, for the objection that the Lake Circuit Court had no jurisdiction is fatal to the appellant's case. We are clear that an action for an injury to land situated in the State of Illinois can not be maintained in the courts of Indiana against a railroad company owning and operating a line of railroad running through parts of both States.

The Lake Circuit Court has jurisdiction of actions brought to recover damages for injury to lands only in cases where the land is situated in Lake county, for so the statute provides. Section 307, R. S. 1881, subdivision 1. Trespass to land resulting in injury to the land itself has always been regarded by our court as a local and not a transitory action. *Ham* v. *Rogers*, 6 Blackf. 559; *Prichard* v. *Campbell*, 5 Ind. 494; *Loeb* v. *Mathis*, 37 Ind. 306. The common law always regarded actions for injury to land as local. *Bennett* v. *McIntire*, 121 Ind. 231; *Rasor* v. *Qualls*, 4 Blackf. 286; *Taylor* v. *Cole*, 3 Term R. 292; *Doulson* v. *Matthews*, 4 Term R. 503; *Livingston* v. *Jefferson*, 1 Brock. 203. The general doctrine was applied to an action for injury to land caused by fire escaping from locomotives in the case of *Indiana, etc., R. W. Co.* v. *Foster*, 107 Ind. 430. The court there adjudged that the action must be brought in the county where the land lies, although the company had no agent nor any office in that county.

The case before us is one in which the land lies within the territory of another sovereignty and there can be no doubt, upon principle or authority, that our courts have no juris-

diction. In *Eachus* v. *Trustees, etc., Co.*, 17 Ill. 35, it was held that the courts of Illinois had no jurisdiction in an action to recover for injuries to land situate in Lake county in this State. The decision in the case cited is but the application of a well-settled principle to a particular instance. *Dodge* v. *Colby*, 108 N. Y. 445; *American, etc., Co.* v. *Middleton*, 80 N. Y. 408; *Cragin* v. *Lovell*, 88 N. Y. 258; *McKenna* v. *Fisk*, 1 How. 241; *Watts* v. *Kinney*, 6 Hill, 82; *Champion* v. *Doughty*, 18 N. J. L. 3; *Allin* v. *Connecticut, etc., Co.* (Mass.), 6 Lawyers' Rep. Anno. 416, and note; 1 Smith Leading Cases, 781.

