17  553
s18  125

NELSON, RESPONDENT, *v.* BIG BLACKFOOT MILLING
COMPANY, APPELLANT.

[Submitted February 20, 1896.   Decided March 2, 1896.]

PUBLIC LANDS—*Timber permit—Homestead entry.*—A permit from the secretary of the interior to cut timber upon the public lands of the United States does not attach to land upon which a homestead filing has been made.

NEW TRIAL—*Damages—Removing timber from homestead entry—Election.*—In an action for damages for felling and removing timber from plaintiff's homestead claim, and for damages to fences and to the land by leaving the tree tops upon the ground, thereby rendering its clearance for cultivation more difficult, plaintiff cannot recover for the value of the timber and also for the cost of removing the tree tops from the land, for, whether plaintiff or defendant felled the trees, the tops would necessarily be brought to the ground and have to be removed from the claim before it could be cultivated.  And where the jury returned a verdict for plaintiff for $800 in two items, one for $600 the value of the timber removed, and one for $200 the damages to the land, and the appellate court is unable to determine to what extent elements other than the tree tops entered into the latter finding, it cannot permit the plaintiff to elect between remitting this item of the verdict or submitting to a new trial, but must order a new trial.  (*Lebcher* v. *Commissioners*, 9 Mont. 322, cited.)

SAME—*Verdict without evidence—Impossible condition.*—Where the jury bases a finding upon testimony as to impossibilities, this is not a conflict, but the jury are simply finding a verdict upon no testimony, and where there is no testimony to support the verdict it is the duty of the district court to set it aside.  (*Landsman* v. *Thompson*, 9 Mont. 191; *Newell* v. *Whitwell*, 16 Mont. 243, cited.)

*Appeal from Fourth Judicial District, Missoula County.*

ACTION to recover value of timber cut by defendant on plaintiff's homestead.   The cause was tried before WOODY, J.   Plaintiff had judgment below.   Reversed.

Statement of the case by the justice delivering the opinion.

The plaintiff brought this action against the defendant, charging that defendant went upon plaintiff's land and cut a large quantity of timber therefrom, tore down plaintiff's fences, and left large quantities of tops of fallen timber upon the land, to his damage in the sum of $2,000.   The defendant denied the damages, and also justified its action under the allegation that it cut said timber under a permit from the secretary of the interior to cut timber upon the public lands of the United States.

It appeared that plaintiff had made a homestead filing upon

the land in December, 1891. Defendant's permit from the secretary was in January, 1892. When the permit was given, and when the alleged trespasses were committed, the homestead filing of the plaintiff had not been canceled or set aside. The plaintiff, after proving his homestead filing, and after introducing testimony tending to show the value of the timber, cut from the land, and the damages caused to his fences, and also by leaving the tops upon the premises, rested. The defendant endeavored to show that it had received the permit mentioned from the secretary of the interior. A contention is made that it did not prove this permit. But, for the purposes of this decision, it may be considered that the permit was proved  Defendant introduced testimony as to the value of the timber taken, and the extent of the damages caused. Defendant also offered testimony, which was excluded, upon the question of improvements upon the land, and the object of plaintiff's making the homestead filing.

The jury found for the plaintiff, by a verdict in two items. They found—First, that the actual damage to the plaintiff by reason of the acts of the defendant, complained of by the plaintiff, was $200; and, second, that the value of the timber cut on the claim by the defendant was $600. They then returned a verdict in the aggregate of $800. Defendant's motion for a new trial was denied. It appeals from that order, and from the judgment.

*Marshall & Corbett,* for Appellant.

*Webster & Wood,* for Respondent.

DE WITT, J.—We are of opinion that, when the plaintiff perfected his homestead filing in the proper land office, his homestead claim attached to the land, and took it out of the public domain. This filing remained uncanceled when the defendant obtained its permit from the secretary of the interior to cut timber upon the public lands of the United States. This permit did not attach to this land, because the same was then not part of the public land of the United States. ( *Whitney* v.

*Taylor*, 158 U. S. 85, 15 Sup. Ct. 796, and cases reviewed in that decision.) This disposes of the first contention which defendant and appellant has made in favor of granting a new trial.

The second ground asserted for granting a new trial is that the verdict is not supported by the evidence. As noted in the statement, the verdict was divided into two items, —one, the value of the timber taken; and the other, the damage done to the land. Appellant contends that the evidence does not support either of these items.

The plaintiff filed on this land as a homestead, and for the purpose of living upon and cultivating the land as such. There was a quantity of timber upon it, as we understand, covering nearly the whole tract. The timber, of course, was of value. But to obtain the value of the timber, and to use the land for cultivation, the timber must be cleared from the land. Plaintiff obtained a verdict for $600, as the value of the timber. As plaintiff has not moved to set this aside, it is reasonable to consider, at this time, that this sum of $600 was not in excess of the value of the timber. Plaintiff is, therefore, thereby paid value for the timber taken. The defendant contends that plaintiff cannot, furthermore, have compensation for damages by reason of the tree tops being left upon the land. He received $200 damages for this and other injuries. Plaintiff's pleadings and testimony and theory upon the trial were that the tops left upon the ground damaged him, in that it added to the difficulties of clearing the ground. He introduced testimony to the effect that it would take one man, at $35 a month without board, one year, to clear off these tops. If the defendant had taken these tree tops from a place off of the plaintiff's land, and thrown them upon the land, we think that plaintiff's claim for such a damage would be good. But that is not the case. The tops were already upon the premises, standing with the trees upon the summits of the same. The defendant simply transferred the tops from their elevated position to one upon the surface of the earth. If plaintiff had cleared the ground himself, he would have been obliged to

make this transfer of position of the tree tops.    There is no
pretense that he could have removed the tree tops from the
premises without first bringing them to the ground.    Progress
in the science of the navigation of the air in the twentieth cen-
tury may make such aerial timber operations possible.    At the
present time·those facilities do not exist.    The cutting the tops
from the trees and putting them upon the ground was one step
towards clearing the ground, instead of an obstruction to that
labor.    Nor could plaintiff, in clearing the ground, burn the
tops off, without also at the same time burning the boles, and he
would not burn the boles when he could obtain $600 for them,
which, at plaintiff's figures, would pay for clearing the tops
from the ground.

When plaintiff's witnesses said that it would cost as much to
clear the land after the trees were felled and the logs removed
as it would when the trees were standing, they were taxing
(successfully, it appears) the credulity of the jury.    They
were, in effect, telling the jury that the part is as great as the
whole.    It is true that the jury are the judges of the facts,
and that, when there is a substantial conflict in the testimony,
it is for the jury to resolve that conflict.    But, when the jury
bases its findings upon testimony as to impossibilities, there is
not a conflict, and the jury are simply finding a verdict upon
no testimony; and, when there is no testimony to support the
verdict, it is the duty of the district court to set it aside.    In
*Blankman* v. *Vallejo*, 15 Cal. 646, it was said:    "We do not
understand that the credulity of a court must necessarily cor-
respond with the vigor and positiveness with which a witness
swears.    A court may reject the most positive testimony,
though the witness be not discredited by direct testimony im-
peaching him or contradicting his statements.    The inherent
improbability of a statement may deny to it all claims to be-
lief."    (Quoted in *Landsman* v. *Thompson*, 9 Mont. 191, 22
Pac. 1148.    See, also, *Newell* v. *Whitwell*, 16 Mont. 243.)

We are therefore of opinion that the testimony does not sus-
tain the finding of the jury that damage was caused by leaving
the tree tops upon the ground.    We cannot decide this matter

by saying that, if this verdict for $200 damages be not remitted, a new trial will be granted, for the reason that we are not sure that elements other than the question of the tree tops did not enter into this finding. We are therefore obliged to order a new trial. (*Lebcher* v. *Board of Commissioners*, 9 Mont. 322.)

Appellant also claims that the evidence did not sustain the verdict as to the value and quantity of the trees cut. One of plaintiff's witnesses testified that before the trees were cut he counted 750 upon the land, but he did not testify that the whole number was cut, or that he examined the ground after the cutting. Another witness testified that almost all the good saw timber was cut from the ground. Another witness testified that he counted 411 stumps after the cutting. Outside of the testimony of this witness, the evidence is not satisfactory as to the observations made after the cutting. Furthermore, there is some difference in the testimony as to the number of logs to a tree, and the number of feet to a log. There is also a difference as to the value of the timber as it stood upon the ground, although it seems that the substantial testimony is that it was worth a dollar a thousand in place. But, as the case is to go back for a new trial upon the other point discussed, we will not go into the question here suggested. It would seem that it might be made more clear upon another trial.

The judgment is reversed, and a new trial is ordered.

*Reversed.*

PEMBERTON, C. J., and HUNT, J., concur.