(January 31, 1922.)

## J. W. TAYLOR and MATTIE TAYLOR, His Wife, Respondents, v. SOMMERS BROS. MATCH COMPANY, Appellant.

[204 Pac. 472.]

CHARACTER OF ACTIONS—WHEN LOCAL OR TRANSITORY—JURISDICTION OF COURT TO HEAR SAME—CANNOT BE CONFERRED BY CONSENT WHEN ACTION IS LOCAL.

1. An action for trespass upon lands is a local action, and can only be brought within the state in which the land lies.

2. A complaint which alleges that defendant negligently caused, permitted and suffered fires to originate and be kindled

about its plant, and negligently permitted such fires to escape to and destroy plaintiff's growing timber on their homestead entry, and that after such destruction their homestead was worth less to the extent of the value of the timber so destroyed, states a local cause of action, and must be tried in the state where such land is situate.

3. In an action for trespass, where the principal thing is the injury to the realty, and the conversion of property wrongfully taken or destroyed is incidental only, the entire cause of action is local.

4. Actions are deemed transitory where the transactions on which they are founded might have taken place anywhere, but are local where the cause in its nature could only have arisen in one place.

5. Courts cannot by failure of the parties to raise such question acquire jurisdiction of actions that are purely local, which should have been brought elsewhere.

APPEAL from the District Court of the Eighth Judicial District, for Bonner County. Hon. John M. Flynn, Judge.

Action to recover damages for negligently burning timber on plaintiffs' land. Judgment for plaintiffs and defendant appeals. *Reversed,* with instructions to dismiss.

G. H. Martin, for Appellant.

There is no difference in principle between a wilful cutting and a destruction by reason of negligence. Negligent destruction does not change the right of recovery. (*Knapp v. Alexander-Edgar Lumber Co.,* 237 U. S. 162, 35 Sup. Ct. 515, 59 L. ed. 895.)

Until the homestead entryman or pre-emptor has complied with the law of the United States relating to such entries and has paid the government for the land and obtained his title, he has no right or authority, either himself or through contract with others, to permit the cutting and

Publisher's Note.

5. Estoppel of litigant to deny jurisdiction of court by previous acts or conduct admitting jurisdiction, see notes in 14 **Ann. Cas.** 1044; 2 **A. L. R.** 1363.

removal of any timber from the land, except as is necessary to be cut and removed to permit of cultivation and improvements upon the land. (*Ladd v. Hawley*, 57 Cal. 51; *Shiver v. United States*, 159 U. S. 491, 16 Sup. Ct. 54, 40 L. ed. 231; *Stone v. United States*, 167 U. S. 178, 17 Sup. Ct. 778, 42 L. ed. 127; *Union Naval Stores Co. v. United States*, 240 U. S. 284, 36 Sup. Ct. 308, 60 L. ed. 644.)

W. H. Plumber and E. W. Wheelan, for Respondents.

The interest of plaintiffs in the land and timber in question, by virtue of their homestead entry, and subsequent occupation and improvement of the same, authorized plaintiffs to sell the timber upon the land before the requisite improvements, and before the receipt of final certificate or patent, to carry out in good faith the acquisition and enjoyment of the homestead. (*King-Ryder Lumber Co. v. Scott*, 73 Ark. 329, 84 S. W. 487, 70 L. R. A. 873; *United States v. Cook*, 19 Wall. (U. S.) 591, 22 L. ed. 210; *Grubbs v. United States*, 105 Fed. 314, 44 C. C. A. 513.)

LEE, J.—This action was commenced in the eighth judicial district court, in and for Bonner county, by J. W. Taylor and Mattie Taylor, his wife, to recover damages in trespass for alleged negligence of appellant corporation in causing, permitting and suffering fire to originate and be kindled upon its premises, and in negligently failing to prevent such fire from being communicated to adjoining premises, whereby timber belonging to respondents was destroyed.

The complaint alleges that on September 12, 1916, respondent J. W. Taylor made a homestead entry upon the SE. ¼ of Sec. 24, Twp. 33 N., R. 42 E., W. M., in Pend d'Oreille county, Washington, and has ever since with his family resided upon said land and improved the same for the purpose of acquiring title from the government under the homestead laws; that there was located upon said land a large amount of timber, of the value of $21,250; that this homestead was situated in the vicinity of appellant's milling

plant, and on or about June 16, 1918 appellant caused, permitted and suffered fires to originate and be kindled about its plant, and failed to prevent said fires from being communicated to adjacent property, and by reason of such negligence fire escaped to the lands of respondents and destroyed timber thereon belonging to them; and that after such timber had been so destroyed by fire this homestead was of less value to the extent of $21,250, and by reason thereof respondents were damaged in said amount.

The cause was tried by the court with a jury, and a verdict was rendered for the plaintiffs in the sum of $1,500, and judgment was rendered thereon against appellant, from which this appeal is taken.

A motion for nonsuit upon the ground of the insufficiency of the evidence having been overruled, after the verdict appellant moved for judgment *non obstante veredicto,* which was also denied. Numerous assignments of error are made, but the ones principally relied upon are that the evidence is insufficient to establish appellant's negligence in causing the destruction of this timber, and, secondly, that respondents are not entitled to recover for the loss of such timber, or any timber, on said homestead entry, for the reason that they failed to limit the allegations and proof of loss to the timber upon that portion of the land they intended to clear and cultivate in order to comply with the requirements of the homestead law and secure patent to such entry. Appellant contends that prior to patent respondents are not entitled to recover for the timber destroyed upon the other portions of the homestead, because of the paramount title thereto being in the United States.

It will be observed that this is an action for trespass upon land situate in the state of Washington, and that the negligent acts of appellant which it is alleged caused the destruction by fire of the timber were also done in the state of Washington, the premises of appellant company upon which it is charged this fire originated being located about a mile and a half southwest of respondent's homestead, so

that upon the very threshold of a consideration of this appeal we are met with the question whether the courts of this state have jurisdiction to try an action of this kind, where the same is brought to recover for an injury done to lands situate in the state of Washington. If a cause of action is local, and by the great majority of the English and American decisions an action *ex delicto,* based upon a tort against real property is local, it cannot be maintained in any state or county other than that in which the land is located.

In *Livingston v. Jefferson,* 1 Brock. 203, Fed. Cas. No. 8411, it was held that an action for trespass committed upon lands is a local action, and the United States circuit court for the district of Virginia could not take cognizance of a trespass committed upon lands lying beyond the limits of the district, although the trespasser was a resident of Virginia. Marshall, C. J., sitting as a circuit judge, reluctantly concurred in this view, and after tracing the doctrine to its origin, stated that actions are deemed transitory where the transactions on which they are founded might have taken place anywhere, but are local where their cause is in its nature necessarily local, and that this distinction has been repeatedly recognized by the best elementary writers, citing 3 Blackstone's Comm. 294, and also Chitty's note (4) in his edition of Blackstone, vol. 2, 233, wherein an action for trespass on lands is expressly classed with those actions which demand their possession and are local, and makes only those actions transitory which are brought on occurrences that might happen in any place, and adds that the cases which support this distinction have no exception.

In *Ellenwood v. Marietta Chair Co.,* 158 U. S. 105, 15 Sup. Ct. 771, 39 L. ed. 913, it is said that: "By the law of England, and of those states of the Union whose jurisprudence is based upon the common law, an action for trespass upon land, like an action to recover title or the possession of the land itself, is a local action, and can only be brought within the state in which the land lies. (*Livingston v. Jefferson,* 1 Brock. 203 [Fed. Cas. No. 8411]; *McKenna v.*

*Fisk,* 42 U. S. (1 How.) 241 [11 L. ed. 117]; *Northern Indiana R. Co. v. Michigan Cent. R. Co.,* 56 U. S. (15 How.) 233 [14 L. ed. 674]; *Huntington v. Attrill,* 146 U. S. 657 [13 Sup. Ct. 224, 36 L. ed. 1123]; *British South Africa Co. v. Companhia de Mocambique,* [1893] App. Cas. 602; *Cragin v. Lovell,* 88 N. Y. 258; *Allin v. Connecticut River Lumber Co.,* 150 Mass. 560 [6 L. R. A. 416, 23 N. E. 581]; *Thayer v. Brooks,* 17 Ohio, 489, 492 [49 Am. Dec. 474]; Kinkead, Code Pleading, sec. 35.)"

The court says that where the principal thing for which recovery is sought is the trespass upon the land, and the conversion of the timber is only incidental to such trespass, it is still to be regarded as local.

*Ophir Silver Mining Co. v. Superior Court,* 147 Cal. 467, 3 Ann. Cas. 340, 82 Pac. 70, contains an illuminating discussion of this question and how it may always be correctly determined whether the action is transitory or local, saying: "An action to recover only the value of ore or timber severed from the land is transitory, and may be maintained wherever the trespasser can be served with a summons, although the plaintiff may be compelled to allege and prove ownership of the land from which the timber is cut, or the ore extracted; but, where the whole or any part of the damage claimed is for injury to the freehold, the action is local, and must, if the land is located in this state, be tried, by the express provisions of C. C. P., sec. 392, in the county where the land is situated, or, if the land is located in another state, it must be tried in the courts of that state."

Beatty, C. J., further points out that the apparently conflicting decisions in cases arising out of trespass all recognize this distinction, and if they present any real it arises solely from the varying constructions p the pleadings in each case, in determining wh men of the action is, injury to the realty or th timber, earth, sand or ore removed from the

In *American Union Tel. Co. v. Middleton* it was held that the courts of that state had

of an action for damages for cutting down telegraph poles in the state of New Jersey, while in *Hoy v. Smith*, 49 Barb. (N. Y.) 360, the plaintiff recovered in the New York court the value of ore extracted from a mine in Colorado, and on the authority of the latter case, a judgment for the value of earth removed by a trespasser from land in another state was sustained in *Radway v. Duffy*, 79 App. Div. 117, 80 N. Y. Supp. 334, and the former case distinguished on the ground that no asportation of the telegraph poles was alleged, the action being wholly or principally for injury to the land of which the poles while standing were a part.

*Dodge v. Colby*, 108 N. Y. 445, 15 N. E. 703, involved a claim for damages to the freehold, and also for the value of timber and turpentine removed from the lands in Georgia. It was held that the allegation of the value of the timber and turpentine was merely incidental, and that the courts of New York had no jurisdiction.

C. S., sec. 6661, is identical with California C. C. P., sec. 392, referred to in *Ophir Silver Mining Co. v. Superior Court, supra*, and provides that actions for the recovery of real property or of an estate or interest therein, or for the determination in any form of such right or interest, *and for injuries to real property*, must be brought in the county in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial.

It has been frequently held that an action against a railroad company for negligently burning buildings and other property that was a part of the realty is a local action, and ~~only~~ be maintained in the state or jurisdiction where the ~~property~~ located, notwithstanding the railroad may extend ~~into the state~~ where the action has been commenced. (*Du-~~rfee v. Pennsylvania~~ R. Co.*, 130 Ind. 137, 29 N. E. 909, ~~Mis~~souri Pac. R. Co.*, 78 Tex. 17, 22 Am. St. 17, ~~6~~ L. R. A. 349; *Missouri Pac. R. Co. v. Cullers*, ~~S.~~ W. 19, 13 L. R. A. 542; *Brisbane v. Penn-~~sylvania R. Co.*, 205 N. Y. 431, Ann. Cas. 1913E, 593, 98

N. E. 752, 44 L. R. A., N. S., 274; *Bettys v. Milwaukee &
St. P. R. Co.,* 37 Wis. 323.)

It is the settled law that actions for trespass upon lands
can be sustained only in the jurisdiction where such lands
are situated.    (Cooley on Torts, 3d ed., p. 901; *Kentucky
C. L. Co. v. Mineral Dev. Co.,* 191 Fed. 899, at 917; *Brown
v. Irwin,* 47 Kan. 50, 27 Pac. 184; *Pittsburg etc. R. Co. v.
Jackson,* 83 Ohio St. 13, 21 Ann. Cas. 1313, 93 N. E. 260.)

*Little v. Chicago, St. P. M. & O. R. Co.,* 65 Minn. 48, 60
Am. St. 421, 67 N. W. 846, 33 L. R. A. 423, reviews at length
the authorities giving the origin of the rule, and after con-
ceding that the cases sustain it, repudiates the whole doctrine
of local actions when applied to this class of cases, on the
ground that it is not a rule of property, but is purely tech-
nical, wrong in principle and practice, and often results in
a total denial of justice, and that it ought no longer to be
adhered to.   The dissenting opinion by Buck, J., contains a
lucid discussion of the reasons why the doctrine should not
be departed from, among other things saying that: "Non-
residents should not be entitled to bring into our courts
litigation arising over injuries to real property outside of
our territorial limits. . . . . Protection of our citizens is the
primary object and duty of our own courts."

In the instant case, the real property alleged to have been
injured is situated in another state, and the entire transac-
tion took place in that state, the defendant was engaged in
carrying on its business there, and no reason is shown why
the action should not have been brought in the courts of that
state.   If parties engaged in business beyond the territorial
limits of this state may come into its courts and litigate local
controversies pertaining to real estate situated beyond its
territorial boundaries, a right would be given to nonresidents
superior to that belonging to residents, who are required to
bring local actions in the county where the subject of the
action, or some part thereof, is situated.

In *Sheppard v. Coeur d'Alene Lumber Co.,* 62 Wash. 12,
Ann. Cas. 1912C, 909, 112 Pac. 932, 44 L. R. A., N. S., 267,

in the majority opinion it is said: "The respondents have cited a line of authorities which hold that actions for injuries to real property must be brought in the *forum rei sitae.* Our statute expressly so provides."

Chadwick and Mount, JJ., in the dissenting opinion, say that the courts of that state do not have jurisdiction to sustain an action for the use and occupation of lands situated in Idaho, for the reason that such action is local and not transitory. So it is clear from both the majority and minority opinions that the courts of that state would not entertain jurisdiction in an action for trespass to lands located in another state.

. While there is a conflict of authority on this point, we think that the weight and better reason is to the effect that a court cannot by waiver be given jurisdiction of local actions which properly should have been brought elsewhere. (*Rogers v. Cady,* 104 Cal. 288, 43 Am. St. 100, 38 Pac. 81; *Nashville v. Webb,* 114 Tenn. 432, 4 Ann. Cas. 1169, 85 S. W. 404; *Conant v. Deep Creek Val. Irr. Co.,* 23 Utah, 627, 90 Am. St. 721, 66 Pac. 188; *Martin v. Batty,* 87 Kan. 582, Ann. Cas. 1914A, 440, 125 Pac. 88; *Fritts v. Camp.* 94 Cal. 393, 29 Pac. 867; *Jacks v. Moore,* 33 Ark. 31; *Davis v. Headley,* 22 N. J. Eq. 115; *Block v. Henderson,* 82 Ga. 23, 14 Am. St. 138, 8 S. E. 877, 3 L. R. A. 325; *Town of Wayne v. Caldwell,* 1 S. D. 483, 36 Am. St. 750, 47 N. W. 547; 1 Freeman on Judgments, 4th ed., sec. 120.)

*Stone v. United States,* 167 U. S. 178, 17 Sup. Ct. 778, 42 L. ed. 127, was an action by the government against the plaintiff in error Stone, wherein the gravamen of the complaint was the conversion of lumber and railroad ties manufactured out of trees cut from government land, where a judgment was asked, not for trespass, but for the value of the property so converted. It was held to be a transitory action, which could be brought in any jurisdiction where the defendant could be served with process. Stone contended that as the land from which the trees were alleged to have been unlawfully cut was in Idaho, the action was local to this state, and that the United States district court for the

district of Washington had no jurisdiction, and *Ellenwood v. Marietta Chair Co., supra,* was cited as authority. But Harlan, J., delivering the opinion of the court, pointed out that the Ellenwood case proceeded upon the theory that the allegations of the petition at the time it was tried presented a single cause of action, in which the principal thing was the trespass, and the conversion of the property was incidental only, and therefore the entire cause of action was local, while in the Stone case, the gravamen of the action was the conversion of the lumber and railroad ties manufactured from such trees, and the judgment was asked, not for the trespass, but for the value of the personal property so converted by the defendant. The averment that the lands were owned by the United States was intended to show the right of the government to claim the value of the personal property in the form of trees taken from its land; and while the denial of the government's ownership made it necessary to prove the same, the action in its essential features related to the personal property, so that it was a transitory action and could be properly brought in any jurisdiction in which the defendant might be found.

The courts which concede and follow the general rule that an action will not lie in one state or county for a tort committed against real property in another make an exception when an act is done in one state which causes an injury in another, and in such a case, according to the weight of authority, the action may be brought in either jurisdiction. See the following cases cited in note to *Coleman v. Lucksinger* (Mo.), 26 L. R. A., N. S., 939, under title of "Exceptions to the Rule": *Stillman v. White Rock Mfg. Co.,* 3 Woodb. & M. 538, Fed. Cas. No. 13,446; *Mannville v. Worcester,* 138 Mass. 89, 52 Am. Rep. 261; *Foot v. Edwards,* 3 Blatchf. 310, Fed. Cas. No. 4908; *Rundle v. Delaware & R. Canal,* 1 Wall. Jr. 275, Fed. Cas. No. 12,139, affirmed in 14 How. 80, 14 L. ed. 335, without discussing this point. It is implied in all of these cases that an action would also have lain in the state where the injured property was situated. In *Armendiaz v. Stillman,* 54 Tex. 623, it was held that

an action would lie in Texas for damages to lands situated on the south side of the Rio Grande River, in Mexico, by obstructions placed in the bed of the stream on the Texas side.

An exception is also recognized in *Thayer v. Brooks,* 17 Ohio, 489, 49 Am. Dec. 474, and *St. Louis & S. F. R. Co. v. Craigo,* 10 Tex. Civ. App. 238, 31 S. W. 207, although in these cases the action was brought in the state in which the land was situated, and not in the state in which the act inflicting the damage was done.

So, also, was an exception recognized in *Morris v. Missouri Pac. R. Co.,* 78 Tex. 17, 22 Am. St. 17, 14 S. W. 228, 9 L. R. A. 349, although the circumstances calling for its application did not exist in that case, and the rule itself was therefore applied.

In *Ducktown, S. C. & I. Co. v. Barnes* (Tenn.), 60 S. W. 593, it was held that residents of Georgia might maintain an action in Tennessee for damages to their real property in Georgia, from a nuisance maintained by defendants in Tennessee.

This distinction was expressly repudiated in *Karr v. New York Jewel F. Co.,* 78 N. J. L. 198, 73 Atl. 132, holding that an action on the case would not lie in New Jersey for damages to real property in the District of Columbia, by the making of an excavation on adjacent property, and that the fact that plaintiff would be without redress unless the New Jersey court took cognizance of the suit did not change the rule, and the court expressly repudiated any distinction between an action of trespass *quare clausam fregit* and an action of trespass on the case. The court relied upon *Hill v. Nelson,* 70 N. J. L. 376, 57 Atl. 411, which was an action for trespass *quare clausam fregit,* and upon *Doherty v. Catskill Cement Co.,* 72 N. J. L. 315, 65 Atl. 508, in which the declaration set up negligence and nuisance rather than trespass.

In the instant case, it is apparent from the complaint, as well as the instructions of the court in submitting the cause

to the jury, that it was commenced and tried upon the theory that the action was one for damages done to the homestead rights of plaintiffs in said land, and not for the value of the timber destroyed, although that was a necessary incident to be taken into consideration in computing the damages to the homestead right.

However, if the facts upon which respondents rely could be stated so that they would show a transitory cause of action for the value of the timber products alleged to have been destroyed, respondents would still be confronted with the question as to their right to recover the value of timber growing upon a government homestead before patent is earned. This homestead entry was made in 1916; under the provisions of U. S. Rev. Stats., sec. 2291 (U. S. Comp. Stats., Ann., vol. 5, p. 5344, sec. 4532; 8 Fed. Stats. Ann., 2d ed., p. 557), as amended by the act of June 6, 1912, c. 153, an entryman is required to cultivate not less than one-sixteenth of his entry beginning with the second year, and not less than one-eighth beginning with the third year and until final proof, in order to obtain patent. U. S. Rev. Stats., sec. 2461 (U. S. Comp. Stats. Ann., vol. 5, p. 5965, sec. 4980; 9 Fed. Stats. Ann., 2d ed., p. 615), makes it unlawful for anyone to cut or wantonly destroy timber upon the public domain without a license from the government or statutory authority.

In *Shiver v. United States,* 159 U. S. 491, 16 Sup. Ct. 54, 40 L. ed. 231, it is said that lands duly and properly entered as a homestead under the homestead laws are, and continue to be from the time of entry and pending the proceedings before the Land Department, and until final disposition by that department, lands of the United States within the meaning of U. S. Rev. Stats., sec. 2461, and that where a citizen has made a regular entry upon the public lands, under and in accordance with the homestead laws, such citizen can be held liable in a criminal prosecution under said section or under sec. 5388, or either of said sections, for cutting and removing, after such homestead

entry and while the same is in full force, the standing trees and timber found and being on the land so entered as a homestead, although a settler upon a homestead may cut such timber as is necessary to clear the land for cultivation, or to build himself a house, or outbuildings, or fences. Perhaps he may exchange such timber for lumber, to be used for these purposes, but he cannot sell the same for money, except where the timber is cut for the purpose of cultivation. (*Union Naval Stores Co. v. United States,* 240 U. S. 284, 36 Sup. Ct. 308, 60 L. ed. 644; *Stone v. United States, supra.*)

. In *Knapp v. Alexander Edgar Lumber Co.,* 237 U. S. 162, 35 Sup. Ct. 515, 59 L. ed. 895, it is held that after patent has been issued or earned, a homestead entryman may maintain an action for damages for timber wilfully cut by a trespasser after such homesteader had made entry, but before he had taken possession, although the agent of the government had settled its claim for the damage caused by such trespass by accepting the value of the timber removed, of which the entryman had no notice.

We entertain no doubt that a homesteader upon public lands, from the date of making a formal entry and paying the sum required by law, has such a vested right of property therein as will enable him to recover damages for injury to such entry, where he has brought his action in the proper form, and upon a pleading that defines his right as a settler on such homestead. (*McLeod v. Spencer,* 21 Okl. 165, 129 Am. St. 774, 95 Pac. 754, 17 L. R. A. N. S., 958; *McGuire v. Brown,* 106 Cal. 660, 39 Pac. 1060, 30 L. R. A. 384; *Larsen v. Oregon R. & N. Co.,* 19 Or. 240, 23 Pac. 974; *Burlington, K. S. & W. R. Co. v. Johnson,* 38 Kan. 142, 16 Pac. 125; *Ellsworth, M. N. & S. E. R. Co. v. Gates,* 41 Kan. 574, 21 Pac. 632; *Nelson v. Big Blackfoot Mill Co.,* 17 Mont. 553, 44 Pac. 81; *Wendel v. Spokane County,* 27 Wash. 121, 91 Am. St. 825, 67 Pac. 576; *Babcock v. Canadian Northern R. Co.,* 117 Minn. 434, Ann. Cas. 1913D, 924, 136 N. W. 275.)

For the reasons stated, we are of opinion that the pleadings in this case do not present any question with regard to injuries sustained by respondents by reason of the alleged trespass to or upon their homestead entry, which the courts of this state have jurisdiction to determine, and that the judgment should be reversed and remanded, with instructions to dismiss the action, neither party to recover costs, and it is so ordered.

Budge, McCarthy and Dunn, JJ., concur.

RICE, C. J., Dissenting.—In the case of *Livingston v. Jefferson*, Fed. Cas. No. 8411, Marshall, sitting as circuit justice, pointed out that the rule of law classifying trespass upon real property as a local action is extremely artificial and arbitrary and often leads to the "inconvenience of a clear right without a remedy."

I think the majority opinion in the case of *Little v. Chicago, St. P., M. & O. R. Co.*, 65 Minn. 48, 60 Am. St. 421, 67 N. W. 846, 33 L. R. A. 423, is sound in principle and should be followed in this state. The objections urged by Justice Buck in his dissenting opinion in that case on the ground of policy apply with equal force to all transitory actions. (See, also, *Peyton v. Desmond*, 129 Fed. 1, 63 C. C. A. 651.)

There is another reason why I cannot concur. The question of jurisdiction was not raised by appellant in the court below nor in this court. It was raised by this court of its own motion. This court should not of its own motion dismiss an action after judgment unless the judgment is clearly void for lack of jurisdiction. That the matters discussed in the majority opinion do not relate essentially to jurisdiction follows from the language of Mr. Justice Gray in *Huntington v. Attrill*, 146 U. S. 657, 13 Sup. Ct. 224, 36 L. ed. 1123: "Whether actions to recover pecuniary damages for trespasses to real estate . . . . are purely local, or may be brought abroad, depends upon the question whether they are viewed as relating to the real estate, or only as

affording a personal remedy. . . . . And whether an action for trespass to land in one state can be brought in another state depends on the view which the latter state takes of the nature of the action.'' (See, also, *Sentenis v. Ladew*, 140 N. Y. 463, 37 Am. St. 569, 35 N. E. 650.)

Unlimited jurisdiction is granted to district courts by our constitution in all cases of law and equity. This jurisdiction cannot be limited by the legislature. (*Fox v. Flynn*, 27 Ida. 580, 150 Pac. 44; *State v. Snook*, 34 Ida. 403, 201 Pac. 494.) The judgment in this court was not void for want of jurisdiction in the district court, and, if affirmed, would be entitled to full faith and credit under the federal constitution.

In this case the respondents waived any question of jurisdiction by bringing their action in a court of this state. The appellant also waived its objection to the jurisdiction by answering to the merits and by failing to assign as error in this court want of jurisdiction in the court below. I think such waiver should be given effect and the jurisdiction should be sustained.